## Norfolk

REGGIE LEE HAMBURY

v.

COMMONWEALTH OF VIRGINIA

No. 0101-85

Decided November 18, 1986

COUNSEL

William P. Robinson, Jr. (Robinson, Eichler, Zaleski & Mason, on brief), for appellant.

Thomas C. Daniel, Assistant Attorney General (William G. Broaddus, Attorney General, on brief), for appellee.

OPINION

**BAKER, J.** — Reggie Lee Hambury (appellant) appeals from the October 18, 1984 trial court judgment convicting him of possession of marijuana with the intent to distribute in violation of Code § 18.2-248.1. The conviction followed an August 22, 1984 trial without a jury. Appellant argues on appeal that the Commonwealth's evidence was insufficient to convict him of possession with the intent to distribute.

■ On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. *Wright v. Commonwealth*, 224 Va. 502, 505, 297 S.E.2d 711, 713 (1982); *Evans v. Commonwealth*, 215 Va. 609, 612, 212 S.E.2d 268, 271 (1975). The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict and will not be disturbed on appeal unless plainly wrong or without evidence to support it. Code § 8.01-680; *Evans*, 215 Va. at 613, 212 S.E.2d at 271.

On December 30, 1983, Detective Douglas Anderson and three other Chesapeake police officers executed a search warrant at appellant's Chesapeake residence. Present at the residence were appellant, his wife and their three children, and two other men. A third man arrived five minutes after the police entry. The police found marijuana at various locations in the house. One small baggie of marijuana was found behind the refrigerator. A marijuana cigarette was found behind the water heater in the kitchen. A baggie of marijuana was found in appellant's jacket which was lying over a kitchen chair. One brown bag containing a baggie of marijuana was found in a kitchen desk and three envelopes of marijuana were found secreted in the living room couch. In addition, a box of baggies was found on top of the kitchen desk and a box containing baggies and brown envelopes was found in the kitchen. The total amount of marijuana found amounted to 2.03 ounces plus the one marijuana cigarette.

At trial, Detective Anderson testified that after arresting appellant and advising him of his rights, appellant claimed ownership of the baggies, envelopes, and marijuana and admitted that he gives marijuana to his friends and relatives and that they give him money in return. The record discloses that the residence searched was jointly occupied by appellant and his wife, although it was titled in wife's name.

■ Appellant's conviction is based upon his constructive possession of the marijuana. "Constructive possession may be shown by establishing that the marijuana was known to and subject to the dominion and control of the accused. Knowledge of the presence and character of the controlled substance may be shown by evidence of the acts, statements or conduct of the accused." *Eckhart v. Commonwealth*, 222 Va. 447, 450, 281 S.E.2d 853, 855 (1981); *see also Womack v. Commonwealth*, 220 Va. 5, 7, 255 S.E.2d

351, 352 (1979). The accused's possession of the marijuana need not be exclusive. *Ritter v. Commonwealth*, 210 Va. 732, 741, 173 S.E.2d 799, 805-06 (1970).

█ The marijuana was found in appellant's home and in close proximity to him. While mere proximity to contraband is insufficient to establish possession, *Eckhart*, 222 Va. at 450, 281 S.E.2d at 855, and an accused's occupancy of the premises does not give rise to a presumption of possession, Code § 18.2-250.1, these factors are circumstances to be considered with other evidence in determining whether an accused constructively possessed drugs. *Lane v. Commonwealth*, 223 Va. 713, 716, 292 S.E.2d 358, 360 (1982); *Gillis v. Commonwealth*, 215 Va. 298, 301, 208 S.E.2d 768, 770-71 (1974).

Just prior to the police entry, appellant was sitting in his kitchen where marijuana was located. This evidence, in conjunction with appellant's admission that the drugs belonged to him, supports a finding that the marijuana was known to him and subject to his control.

█ The quantity of marijuana found was relatively small, but when considered with other circumstances, is sufficient to establish an intent to distribute. *See Colbert v. Commonwealth*, 219 Va. 1, 4, 244 S.E.2d 748, 749 (1978). Evidence of the manner in which the marijuana was packaged, the presence of paraphernalia used in the packaging process, and appellant's statement that he owned the drugs and gave them to his friends and relatives in return for money is sufficient to support the trial court's finding of an intent to distribute. *See Eckhart*, 222 Va. at 451, 281 S.E.2d at 855-56; *Dutton v. Commonwealth*, 220 Va. 762, 764-65, 263 S.E.2d 52, 54 (1980); *Colbert*, 219 Va. at 4, 244 S.E.2d at 749.

In each of the cases cited by appellant in support of his argument, there is no showing that the accused admitted ownership of the drugs. Since in this case appellant admitted ownership of the marijuana, those authorities are distinguishable.

Accordingly, the judgment of the trial court is affirmed.

*Affirmed.*

Barrow, J., and Cole, J., concurred.