## Salem

### FREDERICK DOUGLAS EARLY

v.

### COMMONWEALTH OF VIRGINIA

No. 1682-88-3

Decided April 24, 1990

COUNSEL

G. Edgar Dawson, III (Petty, Livingston & Dawson, on brief), for appellant.

H. Elizabeth Shaffer, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

KEENAN, J.—Frederick D. Early was convicted in a bench trial of possession of cocaine with intent to distribute in violation of Code § 18.2-248. In this appeal, he argues that the evidence was insufficient to establish his intent to distribute. We disagree and find that the manner in which the cocaine was packaged, its location in more than one place in the home, the presence of packaging paraphernalia and cocaine residue, and the expert testimony explaining the uses of the paraphernalia, constituted sufficient evidence to establish Early's intent to distribute cocaine.

At trial, the evidence showed that on April 27, 1988, Investigator Baker of the Lynchburg Police Department executed a search warrant at Early's residence. Early and another male were in the house when the search was conducted. Upon being advised that cocaine was found in the house, Early stated that the cocaine belonged to him and that it was for his personal use.

From the kitchen area of the house, Investigator Baker seized a spoon and sifter with white powder residue, a bottle of Inositol powder, a box of open sandwich bags, numerous twist ties cut in approximately one and one-half inch lengths, two pairs of scissors and numerous plastic sandwich bags with the corners cut out. A plastic vial and three small plastic zip-lock bags containing white powder residue were found in a kitchen cabinet.

Investigator Layne searched the bedroom area of the house. There, on the top of a dresser, he found a small straw, a plastic baggie which contained .99 milligrams of cocaine, a smaller

plastic baggie corner with cocaine residue and a small white twist tie. In a dresser drawer, Layne found a number of twist ties and a large plastic bag containing four smaller bags, each containing approximately one-quarter gram of cocaine.

Investigator Layne testified that narcotics often are packaged for distribution in baggie corners cut from plastic bags. Layne further testified that the Inositol powder found in the kitchen is a common item used to dilute cocaine prior to sale for the purpose of increasing total quantity and profits. He also identified the spoon and sifter as items which are used to mix drugs with a cutting agent.

Layne also testified that the "cutting" of cocaine to dilute its strength is inconsistent with personal use and that he had never seen a personal user of cocaine cut it prior to using it. He explained that "cutting" cocaine was inconsistent with personal use because it reduces the effect on the user, thereby defeating the purpose of the drug.

The Commonwealth also introduced into evidence a certificate of analysis which showed the various white powder residues seized to be cocaine. In addition to the cocaine residues, 935 milligrams of cocaine were seized at Early's residence.

Both at the conclusion of the Commonwealth's case, and after resting his case without presenting any evidence on his behalf, Early moved to strike the Commonwealth's evidence as to the intent to distribute cocaine. The trial court denied Early's motion and found the evidence of intent to distribute sufficient to convict Early as charged.

We review Early's sufficiency claim in accordance with the following standard:

> On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict and will not be set aside unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it.

*Servis v. Commonwealth*, 6 Va. App. 507, 523-24, 371 S.E.2d 156, 164 (1988).

■ While possession of a small quantity of a controlled substance creates an inference that the drug is held for personal use, *Monroe v. Commonwealth*, 4 Va. App. 154, 156, 355 S.E.2d 336, 337 (1987), when considered in conjunction with other circumstances, the small quantity possessed may support a finding of an intent to distribute. *Dutton v. Commonwealth*, 220 Va. 762, 765, 263 S.E.2d 52, 54 (1980). Such additional circumstances include the method of packaging the drug and the presence of paraphernalia used in the packaging process. *Hambury v. Commonwealth*, 3 Va. App. 435, 438, 350 S.E.2d 524, 525 (1986).

In the case before us, extensive packaging paraphernalia was found, some of which contained cocaine residue. A spoon and a sifter containing cocaine residue were found in the same area of the house where a plastic vial and three small zip-loc bags, also containing cocaine residue, were located.

Also found in proximity to these items was a bottle of Inositol powder. Investigator Layne testified that Inositol is commonly used to "cut" or dilute cocaine prior to its sale, and identified the spoon and sifter as items used to mix drugs with cutting agents. Layne also testified that the cutting of cocaine is inconsistent with personal use of cocaine because it would lessen its effect on the user. He further testified that he had never seen a personal user of cocaine cut the drug prior to using it.

Layne testified that narcotics are usually packaged for distribution in bag corners cut from plastic bags. The evidence before the trial court showed that numerous plastic sandwich bags with the corners cut out were found in the kitchen area of the home.

Although Investigator Layne acknowledged on cross-examination that baggie corners could be used in a hair coloring process, and the evidence further established that Early was a licensed cosmetologist, no hair coloring products were found near the baggies. Cocaine residue was found near the baggies, on a spoon, a sifter, a plastic vial, and three zip-loc bags. While Investigator Layne testified that Inositol is a health food supplement, that item was found in close proximity to the above-described items containing cocaine residue and was identified by expert testimony as being a

common cutting agent for cocaine.

We find that this evidence, combined with the evidence of the five baggies of cocaine found in the bedroom area of the house, was sufficient to overcome an inference that the small quantity of cocaine seized was being held by Early for his personal use. Therefore, we find that the evidence was sufficient to support the trial court's ruling that Early possessed the cocaine with the intent to distribute. *See* Code § 8.01-680.

For the reasons stated, we affirm the judgment of the trial court.

*Affirmed.*

Koontz, C.J., and Moon, J., concurred.