## Richmond

ELWOOD WILTON RICE, JR.

v.

COMMONWEATLH OF VIRGINIA

No. 1869-91-2

Decided May 11, 1993

COUNSEL

Cary B. Bowen (Bowen and Bowen, on brief), for appellant.

Oliver L. Norrell, III, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**ELDER, J.**—Elwood Wilton Rice, Jr. appeals his conviction for possession of marijuana with the intent to distribute. He argues that the trial court erred in concluding that the evidence was sufficient to show that he intended to distribute the 0.74 ounces of marijuana found in his possession. For the reasons set forth below, we conclude that the evidence was insufficient to support appellant's conviction for possession with intent to distribute.

Appellant was stopped by a state trooper on February 27, 1991, for operating a vehicle with an expired inspection sticker. The trooper then arrested him for driving under the influence and took him to the police station. A search of appellant's person revealed a plastic baggie containing 0.74 ounces of marijuana, and $4,993.76 in cash, including forty-four one-hundred dollar bills and various other denominations. A search of appellant's car revealed no receipts, deposit slips or other items that would indicate the source of the money. Appellant admitted to the arresting officer that he had the marijuana in his possession and explained that the cash belonged to a country store he operated and that he intended to use it to pay bills. Appellant tested positive for tetrahydrocannabinol, the active ingredient in marijuana.

At trial, appellant moved to strike the Commonwealth's evidence based on its failure to show that he acted with intent to distribute. The motion was denied. He presented no evidence and renewed his motion to strike, which was again denied.

On appeal,

> we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict and will not be set aside unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it.

*Martin v. Commonwealth*, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987) (citing Code § 8.01-680). At the same time, however, "[i]f evidence of intent is wholly circumstantial, 'all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence.' " *Dukes v. Commonwealth*, 227 Va. 119, 122, 313 S.E.2d 382, 383 (1984) (quoting *Inge v. Commonwealth*, 217 Va. 360, 366, 228 S.E.2d 563, 567 (1976)).

The evidence in this case showed that appellant had 0.74 ounces of marijuana and almost $5,000 in cash in his possession. Although he told the arresting officer that the money belonged to a country store he operated and that he intended to use it to pay bills, he did not testify at trial and offered no evidence to corroborate his explanation. *See Servis v. Commonwealth*, 6 Va. App. 507, 525, 371 S.E.2d 156, 165 (1988). The arresting officer confirmed that appellant managed such a store, but he found nothing in appellant's car—such as bills or deposit slips—to corroborate appellant's story. The issue before us is whether appellant's possession of 0.74 ounces of marijuana and almost $5,000 in cash, without more, was sufficient to support his conviction for possession with intent to distribute when the evidence also showed that the marijuana was found in one baggie and that appellant himself tested positive for marijuana use.

■ "While possession of a small quantity of a controlled substance creates an inference that the drug is held for personal use, when considered in conjunction with other circumstances, the small quantity possessed may support a finding of an intent to distribute." *Early v. Commonwealth*, 10 Va. App. 219, 222, 391 S.E.2d 340, 341 (1990) (citation omitted). Other such circumstances include the method of packaging and the possession of packaging paraphernalia and an unusual amount of cash. *Servis*, 6 Va. App. at 524, 371 S.E.2d at 165. In the *Early* case, police found "extensive packaging paraphernalia," including a spoon, sifter, zip-loc bags and a plastic vial—some of which contained cocaine residue—and a cutting agent. 10 Va. App. at 222, 391 S.E.2d at 342. In *Servis*, the Court noted that the quantity of drugs found—26.42 grams of cocaine and 2.02 ounces of marijuana—was relatively small. 6 Va. App. at 513, 525, 371 S.E.2d at 158, 165. However, it pointed to several other factors, including the method of packaging of the drugs, and the presence of packaging paraphernalia and a large amount of cash—almost $10,000—in the motel room. *Id.* at 525,

371 S.E.2d at 165. On that basis, the Court found the evidence sufficient to sustain a conviction for possession with intent to distribute.

In this case, in contrast to both *Servis* and *Early*, the police found no drug paraphernalia or packaging materials to indicate that appellant possessed the drug with intent to distribute. The amount of marijuana possessed—0.74 ounces—was even smaller than the amount possessed in *Servis*. The evidence also showed that appellant tested positive for marijuana use. These facts, in combination, tend to negate any inference that he intended to distribute the drug. Although his possession of such a large amount of cash creates suspicion, proof of intent to distribute may not be based on speculation alone.

Because the Commonwealth's evidence in this case fails to exclude every reasonable hypothesis of innocence, we reverse appellant's conviction. The Commonwealth may proceed on a charge of simple possession if it be so advised.

*Reversed.*

Benton, J., and Cole, J., concurred.