COURT OF APPEALS OF VIRGINIA


Present:  Judges Frank, Clements and Haley


TORRENCE L. BANKS

                                                    MEMORANDUM OPINION[*]
v.       Record No. 0960-05-1                            PER CURIAM
                                                     FEBRUARY 14, 2006
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                          Dean W. Sword, Jr., Judge

            (T. George Underwood, on brief), for appellant.  Appellant
            submitting on brief.

            (Judith Williams Jagdmann, Attorney General; Alice T. Armstrong,
            Assistant Attorney General, on brief), for appellee.  Appellee
            submitting on brief.


        Torrence L. Banks, appellant, was convicted of possession of heroin with the intent to

distribute and conspiracy.[1]  On appeal, appellant challenges the sufficiency of the evidence to

support his convictions.  For the reasons set forth below, we affirm the convictions.

                                            FACTS

        "On appeal, 'we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.'"  Archer v. Commonwealth,

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted).

        On August 13, 2003, Detective Glenn Smith and other officers of the Portsmouth Police

Department were involved in a "drug spotting" operation in the 100 block of Howard Street in

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant also was convicted of distributing drugs within 1000 feet of school property.
However, this Court did not grant appellant's petition for appeal as it pertained to that
conviction.

Portsmouth. From a concealed location, Smith observed appellant and others engage in a series of apparent drug transactions.

At 6:33 a.m., Smith observed a red Monte Carlo enter the block. A woman flagged down the car and had a brief conversation with the driver. The woman turned to appellant and had a brief conversation with him. Appellant walked between two buildings nearby and bent down beside a large tree. After remaining there for about ten seconds, appellant returned to the woman and took the money she had received from the driver of the Monte Carlo. Appellant gave the woman an unpackaged off-white substance. The woman delivered the substance to the driver of the Monte Carlo. Appellant and the woman remained together in the vicinity after the Monte Carlo drove away.

Jacobi Frazier appeared in the area at 7:00 a.m. Frazier sat on a porch briefly, then proceeded to the area near the large tree that appellant earlier had visited. Frazier then returned to stand with appellant and his female companion near a parked blue car on Howard Street.

At 7:15 a.m., a woman in a white T-shirt approached appellant, Frazier, and the other woman. Frazier took currency from the woman wearing the T-shirt. Frazier walked to the area near the tree and crouched down. After about ten seconds, Frazier returned and handed the woman in the T-shirt a capsule containing a white substance. The woman in the T-shirt examined the item before she walked away.

A red Oldsmobile Cutlass drove onto Howard Street at 7:20 a.m. The driver stopped the car, exited, and shook hands with Frazier. Frazier walked away with currency. He returned to the area near the tree and bent down. After a few seconds, Frazier approached the driver of the vehicle and handed him a capsule containing a white substance. The driver got into the Cutlass and left the area.

A woman in a pink nightgown appeared in the area at 7:26 a.m. She gave money to appellant, who went to the spot near the tree. When appellant returned, he wiped an off-white substance from his palm into the hand of the woman wearing the nightgown. She walked away and entered one of the nearby homes.

At 7:35 a.m., Curtis Harris and another man approached appellant and Frazier, who were standing together beside the blue vehicle. All four men walked together in the direction of the area near the tree. Appellant remained with Harris and the other man while Frazier obtained something from the vicinity of the tree. Appellant took money from Harris. Frazier returned and handed Harris an off-white substance Smith believed to be cocaine.

By radio, Smith alerted other officers to Harris and his companion. Frazier walked a short distance away and appeared to observe Harris and his companion having contact with police officers. Frazier returned to the blue car and spoke in appellant's direction.

At 7:40 a.m., Wade Boone approached appellant at the blue car. Boone was holding what appeared to be rolled up currency. Appellant pointed in the direction of the large tree. Frazier went to the tree. Smith heard appellant ask Boone "how many." Boone gave appellant the money in his hand. Frazier returned and placed several capsules containing an off-white substance in Boone's hand.

The police confronted, pursued, and arrested Boone shortly after he had walked out of Smith's sight. During the pursuit, Officer John Burton observed Boone throw to the ground five capsules containing a white substance. Police recovered the capsules, and laboratory analysis indicated they contained a total of .435 grams of heroin.

Officer T.N. Thursby arrested appellant in the 100 block of Howard Street. In appellant's possession were $77 in currency and a cellular telephone. The police also arrested Frazier. The police found in Frazier's pockets marijuana, a cellular telephone, and $231 in currency.

- 3 -

## POSSESSION WITH THE INTENT TO DISTRIBUTE

Appellant contends the evidence was insufficient to prove that he possessed heroin with the intent to distribute it. "'Because direct proof of intent [to distribute drugs] is often impossible, it must be shown by circumstantial evidence.' Such evidence may include the quantity of drugs and cash possessed and whether appellant used drugs." Welshman v. Commonwealth, 28 Va. App. 20, 37, 502 S.E.2d 122, 130 (1998) (*en banc*) (citation omitted). "While possession of a small quantity of a controlled substance creates an inference that the drug is held for personal use, when considered in conjunction with other circumstances, the small quantity possessed may support a finding of an intent to distribute." Early v. Commonwealth, 10 Va. App. 219, 222, 391 S.E.2d 340, 341 (1990).

In just over an hour, Smith observed appellant, Frazier, and another woman engage in six transactions involving money with individuals who appeared on Howard Street. In each occurrence, either appellant or Frazier obtained a substance from a location near a tree and delivered the substance to the purchaser.

One of the transactions involved Boone, whom the police later arrested. During the transaction, Boone gave money to appellant. Appellant asked Boone "how many." Frazier returned from the tree and handed Boone capsules containing a white substance. The police confronted Boone immediately after he left the area. Boone threw away five capsules containing heroin.

Considering the facts and circumstances in the light most favorable to the Commonwealth, the evidence was sufficient to prove beyond a reasonable doubt that appellant possessed heroin with the intent to distribute it. Therefore, the trial court did not err in denying appellant's motion to strike and finding him guilty of the drug offense.

CONSPIRACY

Appellant contends the evidence was insufficient to sustain his conviction of conspiracy because the Commonwealth did not prove the existence of an agreement between appellant and Frazier. "Conspiracy is defined as 'an agreement between two or more persons by some concerted action to commit an offense.'" Feigley v. Commonwealth, 16 Va. App. 717, 722, 432 S.E.2d 520, 524 (1993) (citation omitted). However, proof of an explicit agreement is not required, and the Commonwealth may, and frequently must, rely on circumstantial evidence to establish the conspiracy. See Stevens v. Commonwealth, 14 Va. App. 238, 241, 415 S.E.2d 881, 883 (1992). Indeed, "'[t]he existence of an unlawful and inherently covert agreement can be inferred from the overt conduct of the parties.'" Floyd v. Commonwealth, 219 Va. 575, 581, 249 S.E.2d 171, 174 (1978) (quoting United States v. Harris, 433 F.2d 333, 335 (4th Cir. 1970)).

The Commonwealth's evidence proved that appellant and Frazier acted in tandem to distribute drugs on the morning of August 13, 2003. Especially with regard to the transactions involving Harris and Boone, appellant and Frazier each played a role in the distribution process - - appellant received the money and Frazier retrieved the drugs from the area near the tree. After the transactions, appellant and Frazier remained together near the parked blue vehicle.

These circumstances were sufficient to establish beyond a reasonable doubt an inherently covert agreement between appellant and Frazier to distribute drugs. Thus, the evidence was sufficient to support appellant's conviction of conspiracy.

CONCLUSION

For the foregoing reasons, we affirm appellant's convictions.

Affirmed.