COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Clements and Felton
Argued at Chesapeake, Virginia


JUSTIN L. LUNCEFORD

                                                      MEMORANDUM OPINION[*] BY
v.        Record No. 0608-05-1                        JUDGE ROBERT P. FRANK
                                                      MARCH 21, 2006
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                               Mark S. Davis, Judge

                Dianne G. Ringer (Bierowicz & Ringer, P.C., on brief), for
                appellant.

                Susan L. Parrish, Assistant Attorney General (Judith Williams
                Jagdmann, Attorney General, on brief), for appellee.


        Justin L. Lunceford, appellant, was convicted, in a bench trial, of possession of cocaine

with the intent to distribute, in violation of Code § 18.2-248.  On appeal, he contends the trial

court erred in finding the evidence sufficient to convict.  For the reasons stated, we reverse his

conviction and remand the case to the trial court.

                                       BACKGROUND

        The Portsmouth Police Department executed a search warrant at 73 Ailwyn Road, a

residence occupied by appellant and several others.  When the police arrived, they saw two

women and a man on the porch.  As the police approached the man, who was not appellant, he

ran into the house.  The police immediately followed the man into the house.

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

As Detective T. McAndrew entered the house, he saw appellant exit the kitchen and handcuffed appellant. Other than the other man who immediately ran upstairs, appellant was the only person in the house.

Officer K.M. Johnikan observed two microwave ovens in the kitchen. He observed a loaded, holstered, .38 caliber gun in plain view "on the top and kind of towards the back of a microwave." The only recoverable fingerprints found on the weapon belonged to a different resident of the house. A digital scale with cocaine residue was located inside the other microwave. The police also found in plain view a box of "assorted bullets" in an open cabinet located above the microwave containing the scale. No devices used to ingest drugs were found.

The police recovered a razor blade and seven plastic baggies, with the corners ripped off, and more .38 caliber bullets from a bar located in the living room. On a table in the living room, police also found paperwork bearing appellant's name. The police found eight other .38 caliber bullets and a photograph of appellant in an upstairs bedroom. Appellant, when arrested, possessed $125 in cash, consisting of one $100 bill, one $20 bill and one $5 bill. Throughout the house, the police recovered approximately fifty cut baggies.

In an interview with police, appellant admitted living in the premises, along with three others, but he denied knowing about the drugs or baggies.

The only drug recovered from the premises was cocaine residue on the scales. Detective R.M. Holley, an expert in the distribution of narcotics, testified that narcotics are commonly packaged in the corners of plastic baggies. In his opinion, the residue on the scales, when considered along with the cut baggies, the razor blade, the gun, and the lack of smoking devices, is inconsistent with the personal use of cocaine.

Based upon appellant's occupancy of the premises, his exit from the kitchen where the residue was found, the presence of a gun, a razor, and baggies located throughout the residence, the trial court found appellant guilty of possession with intent to distribute cocaine.

ANALYSIS

Appellant contends that the trial court erred in finding he possessed the cocaine residue found on the scales. Additionally, appellant argues that even if he is guilty of possession of the cocaine residue, the evidence was insufficient to prove he had intent to distribute. We will address these issues separately.

I. Standard of Review

"The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict and will not be set aside unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it." Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). Under this standard, "a reviewing court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Crowder v. Commonwealth, 41 Va. App. 658, 663, 588 S.E.2d 384, 387 (2003) (emphasis in original) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)). It asks instead whether "'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*) (quoting Jackson, 443 U.S. at 319). "'This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" Kelly, 41 Va. App. at 257-58, 584 S.E.2d at 447 (quoting Jackson, 443 U.S. at 319). Thus, we do not "substitute our judgment for that of the trier of fact" even if our opinion were to differ. Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002).

## II. Possession

Possession of a controlled substance may be actual or constructive. <u>Archer v.</u> <u>Commonwealth</u>, 225 Va. 416, 418, 303 S.E.2d 863, 863 (1983).

> To support a conviction based upon constructive possession, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the [appellant] was aware of both the presence and character of the substance and that it was subject to his dominion and control."

<u>Drew v. Commonwealth</u>, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986) (quoting <u>Powers v.</u> <u>Commonwealth</u>, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984)). Thus, in resolving this issue, we must consider "the totality of the circumstances disclosed by the evidence." <u>Womack v.</u> <u>Commonwealth</u>, 220 Va. 5, 8, 255 S.E.2d 351, 353 (1979).

The accused's proximity to an illicit drug and occupancy of the premises where the drug is found, while not sufficient to establish dominion and control of the substance, are factors that may be considered in deciding whether an accused possessed the drug. <u>Walton v.</u> <u>Commonwealth</u>, 255 Va. 422, 426, 497 S.E.2d 869, 871 (1998).

<u>Pemberton v. Commonwealth</u>, 17 Va. App. 651, 440 S.E.2d 420 (1994), in which we found the evidence was insufficient to prove possession, is instructive in contrast with the facts of the instant case. In <u>Pemberton</u>, the accused, who did not reside in the premises, was seen standing next to and facing a trash can in the kitchen. <u>Id.</u> at 652, 440 S.E.2d at 421. A baggie containing marijuana was on top of the trash. <u>Id.</u> at 653, 440 S.E.2d at 421. The accused made no gestures toward the trash can. <u>Id.</u> Upon entry of the premises, police observed another man run past that same trash can as he exited the premises. <u>Id.</u> Other people were on the premises at the time of the search. <u>Id.</u>

We held:

> Although "[t]he Commonwealth is not required to prove that there is no possibility that someone else may have planted, discarded, abandoned or placed the drugs or paraphernalia [where they were found near an accused]," all reasonable hypotheses of innocence must be excluded. Because a number of people were upstairs and obviously heard the repeated yells of the police as they entered downstairs to execute the search warrant, the evidence does not exclude the reasonable hypothesis that the unnamed person who fled through the kitchen and out the sliding kitchen door to the outside deck could have discarded the drugs in the trash can on his way through the kitchen.

>        *     *     *     *     *     *     *

> In summary, there was no evidence that appellant was familiar with illegal drugs. He was a visitor at the house, he made no motion toward the trash can, and other persons were observed scurrying about upstairs, one of whom fled through the kitchen. Taking all of the above facts into consideration, we find that the Commonwealth did not meet its "burden . . . to prove beyond a reasonable doubt that [appellant] was aware of the presence and character of the [cocaine] and was intentionally and consciously in physical or constructive possession of it." Most notably, we find that the Commonwealth failed to rule out the reasonable hypothesis that the unnamed person fleeing through the kitchen may have dropped the baggie(s) into the can on his way through the sliding door and onto the deck.

Id. at 655, 440 S.E.2d at 422-23 (citations omitted).

On appeal, appellant contends other residents of the house had access to the drugs and paraphernalia. Yet, the record discloses no one else was in the downstairs portion of the residence at the time of the search.

> Circumstantial evidence may establish the elements of a crime, provided it excludes every reasonable hypothesis of innocence. Tucker v. Commonwealth, 18 Va. App. 141, 143, 442 S.E.2d 419, 420 (1994). "The statement that circumstantial evidence must exclude every reasonable theory of innocence is simply another way of stating that the Commonwealth has the burden of proof beyond a reasonable doubt." Commonwealth v. Hudson, 265 Va. 505, 513, 578 S.E.2d 781, 785 (2003). This Court must determine not whether there is some evidence to support [appellant's] hypothesis of innocence but, rather, whether a reasonable fact

> finder, upon consideration of all the evidence, could have rejected appellant's theories and found him guilty beyond a reasonable doubt. See Correll v. Commonwealth, 42 Va. App. 311, 327, 591 S.E.2d 712, 721 (2004)[, aff'd, 269 Va. 3, 607 S.E.2d 119 (2005)]. Whether a hypothesis of innocence is reasonable is a question of fact. Id.

Corbin v. Commonwealth, 44 Va. App. 196, 202-03, 604 S.E.2d 111, 114 (2004).

Here, when the drugs were found, appellant was the only person downstairs. He was first seen leaving the kitchen where the cocaine residue was found. Police found in the kitchen, in plain view, a .38 caliber weapon, and a box of assorted bullets in an open kitchen cabinet above the microwave on which the .38 caliber gun was found. Eight other .38 caliber bullets were found in a bedroom containing appellant's photograph. Approximately fifty baggie corners were found throughout the residence. The police recovered a razor blade, additional .38 caliber bullets, and a number of baggie corners in and on a bar located in the living room. Police also found personal papers belonging to appellant in the living room. Appellant told police, when shown the scales, gun, and bullets, that "he didn't know anything about any of them." The trial court concluded appellant lied to hide his guilt, the gun and bullets having been found in plain view. See Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998) ("In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt.").

From the evidence, the fact finder could properly conclude appellant was aware of the presence and character of the residue and it was subject to his dominion and control. See Wymer v. Commonwealth, 12 Va. App. 294, 300-01, 403 S.E.2d 702, 706-07 (1991) (finding evidence of cocaine and drug paraphernalia found throughout common areas of house and in bedroom shared by accused and another relevant in accused's prosecution for cocaine possession).

III.  Intent to Distribute

Citing Stanley v. Commonwealth, 12 Va. App. 867, 407 S.E.2d 13 (1991), appellant contends that the evidence was insufficient to prove he had the intent to distribute the cocaine residue found on the scales.  The Commonwealth does not argue that residue is a sufficient amount to distribute, but instead contends that the residue is part of a larger supply that had already been distributed.  We agree with appellant.

"'While possession of a small quantity of a controlled substance creates an inference that the drug is held for personal use, when considered in conjunction with other circumstances, the small quantity possessed may support a finding of an intent to distribute.'"  Rice v. Commonwealth, 16 Va. App. 370, 372, 429 S.E.2d 879, 880 (1993) (quoting Early v. Commonwealth, 10 Va. App. 219, 222, 391 S.E.2d 340, 341 (1990)).

Other factors that may indicate the defendant intended to distribute the illegal drugs in his possession include "the presence of paraphernalia used in the packaging," Hambury v. Commonwealth, 3 Va. App. 435, 438, 350 S.E.2d 524, 525 (1986), "[t]he method of packaging of the controlled substance," Servis v. Commonwealth, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988), the quantity and denomination of the cash possessed, see Welshman v. Commonwealth, 28 Va. App. 20, 37, 502 S.E.2d 122, 130 (1998) (*en banc*), "the absence of any paraphernalia suggestive of personal use," id., the presence of "equipment related to drug distribution," McCain v. Commonwealth, 261 Va. 483, 493, 545 S.E.2d 541, 547 (2001), and the presence of firearms, see Glasco v. Commonwealth, 26 Va. App. 763, 775, 497 S.E.2d 150, 156 (1998), aff'd, 257 Va. 433, 513 S.E.2d 137 (1999).

However, Stanley requires that the accused possessed the drugs "contemporaneously with his intention to distribute that substance."  Stanley, 12 Va. App. at 869, 407 S.E.2d at 15.  In Stanley, police recovered from Stanley's car a scale and a plastic straw, both containing cocaine

residue, inositol powder used to cut cocaine, glassine type bags and cut twist ties, caps from hypodermic needles, and ledgers indicating drug transactions. Id. As in the instant case, the police recovered only residue. Id.

We held:

> In the case before us, no evidence was presented to support an inference that Stanley intended to distribute the residue found in his possession. To the contrary, the quantity of residue found in Stanley's possession was too small to be distributed. Assuming that the trier of fact could infer from the evidence introduced at trial that Stanley had in the past distributed cocaine, there was no basis on which the trier of fact could infer that the residue introduced at trial was part of that larger supply. Moreover, no evidence was presented as to when or where the supply had been either possessed or distributed. Because we find that the Commonwealth failed to prove contemporaneous possession and intent to distribute, Stanley's conviction must be reversed.

Id. at 870, 407 S.E.2d at 15.

In Stanley, we also distinguished several cases in which the accused was convicted of possession with intent to distribute despite possessing only a small quantity of drugs. In each of those cases, while the quantity was small, the amount, nevertheless, was still large enough to be distributed. Id. See Colbert v. Commonwealth, 219 Va. 1, 4, 244 S.E.2d 748, 749 (1978) ("[T]he quantity involved is not necessarily indicative of a lack of intent to distribute . . . ."); see also Hambury, 3 Va. App. at 438, 350 S.E.2d at 525 ("The quantity of marijuana found was relatively small, but when considered with other circumstances, is sufficient to establish an intent to distribute.").

Despite the presence of a scale, cut-off baggies, a razor, a gun with ammunition, and the opinion of an expert witness, there was no evidence in this case, under the Stanley analysis, that the residue found was of a quantity sufficient to distribute. Appellant gave no incriminating statement as to his intent to distribute. See Dunbar v. Commonwealth, 29 Va. App. 387, 394, 512 S.E.2d 823, 827 (1999) (holding that the trial court properly considered appellant's

statement that he sold cocaine for his pecuniary gain as a circumstance of his intent to distribute).

Here, as in <u>Stanley</u>, there was no evidence that the residue was the remainder of a larger supply that was intended for distribution. Thus, no evidence supports an inference that appellant possessed the residue "contemporaneously with his intention" to distribute it. <u>Stanley</u>, 12 Va. App. at 869, 407 S.E.2d at 15.

We conclude the trial court erred in finding an intent to distribute. For the foregoing reasons, we reverse appellant's conviction of possession with intent to distribute cocaine and remand for entry of an order finding the appellant guilty of possession of cocaine, pursuant to Code § 18.2-250, and for re-sentencing on the lesser-included offense.

<u>Reversed and remanded.</u>