UPON A REHEARING EN BANC
FRANK, Judge.
Kevin L. Holloway (“appellant”) was convicted, in a bench trial, of possession with intent to distribute an imitation controlled substance, in violation of Code § 18.2-248(G), and assault and battery of a law enforcement officer, in violation of Code § 18.2-57. On a rehearing, a divided panel reversed the possession with the intent to distribute conviction, but affirmed the conviction for assault and battery of a law enforcement officer.[1] See Holloway v. Commonwealth, 56 Va.App. 667, 696 S.E.2d 247 (2010).
We granted the Commonwealth’s petition for rehearing en banc and stayed the mandate of the panel’s decision. On rehearing en banc, we now lift the stay and conclude the evidence was sufficient to prove an intent to distribute. We affirm appellant’s conviction on that charge.

BACKGROUND

On the evening of August 19, 2006, Portsmouth police responded to a residence and observed appellant standing on *662 the porch. They also observed another male standing in front of the porch. As the police pulled up to the residence, the second male began walking to the street. He was not apprehended.
The police observed appellant making a “pitching motion” with his left hand toward the front door. The officer was unable to determine what appellant threw. Appellant was ordered to the ground. As one officer advanced toward the house, he observed a plastic bag (“corner baggie”) resting on the porch, in the area of appellant’s “pitching motion.”
Approximately fifteen to thirty seconds elapsed between the time appellant moved his arm and Officer Riddle’s observation of the corner baggie. The corner baggie contained three smaller corner baggies, each holding what appeared to be $20 worth of crack cocaine. Testing later revealed the substance was not crack cocaine, but an imitation substance.
During the officers’ interaction with appellant, no one else entered the porch area. The officers did not find any scales, packaging materials, or ingestion devices, either around the porch or on appellant’s person. Officer Riddle testified that appellant did not have any money on his person, or if he did, it was “a minimal amount, not worth recovering.” Appellant was arrested that evening.
At trial, Detective K. Gavin qualified, without objection, as an expert in the use, packaging, and distribution of narcotics. He testified that possession of three individually wrapped rocks of an imitation controlled substance, without possession of a smoking device, is inconsistent with personal use. He stated, “[Tjhere is no reason to possess an imitation controlled substance unless [an individual was] either ripped off or ... possessed it to distribute.” Detective Gavin dismissed the possibility that an individual would unknowingly purchase crack cocaine in three individually wrapped baggies apparently worth $20 each, because “[i]t is not cost effective for a user to purchase three twenty-dollar rocks individually, packaged that way, for sixty dollars. They could get a lot more crack if they purchase[d] it in a larger quantity.” Detective Gavin *663 opined that a regular cocaine user would know that purchasing three twenty-dollar packages of crack cocaine was not cost effective and that a “new cocaine user ... wouldn’t have been purchasing three rocks at the same time. That’s a lot more than a new cocaine user would attempt.” However, when asked whether “all cocaine users, everyone who buys crack, shops around for the best deal, like Wal-Mart [sic],” Detective Gavin conceded that he could confirm only “that is what ... most ... users do.”
Detective Gavin acknowledged that an individual may not carry a crack pipe or other ingestion device on their person if they bought the crack cocaine for later use; however, he stated that “normal user[s]” “maintain a stem or crack pipe on their person when they purchase crack cocaine.”
The trial court found appellant guilty of possession with the intent to distribute an imitation controlled substance. This appeal follows.
ANALYSIS
A. Standard of Appellate Review
On appeal, “we review the evidence in the ‘light most favorable’ to the Commonwealth.” Pryor v. Commonwealth, 48 Va.App. 1, 4, 628 S.E.2d 47, 48 (2006) (quoting Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003)). “Viewing the record through this evidentiary prism requires us to ‘discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom.’ ” Cooper v. Commonwealth, 54 Va.App. 558, 562, 680 S.E.2d 361, 363 (2009) (quoting Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755, 759 (1980) (emphasis omitted)).
We examine a trial court’s factfinding “with the highest degree of appellate deference.” Thomas v. Commonwealth, 48 Va.App. 605, 608, 633 S.E.2d 229, 231 (2006). An appellate court does not “ask itself whether it believes that the evidence *664 at the trial established guilt beyond a reasonable doubt.” Williams v. Commonwealth, 278 Va. 190, 193, 677 S.E.2d 280, 282 (2009) (emphasis in original) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979)). Instead, the only “relevant question is, after reviewing the evidence in the light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” Sullivan v. Commonwealth, 280 Va. 672, 676, 701 S.E.2d 61, 63 (2010) (citing Jackson, 443 U.S. at 319, 99 S.Ct. at 2789). We are “not permitted to reweigh the evidence,” Nusbaum v. Berlin, 273 Va. 385, 408, 641 S.E.2d 494, 507 (2007), because appellate courts have no authority “to preside de novo over a second trial,” Haskins v. Commonwealth, 44 Va.App. 1, 11, 602 S.E.2d 402, 407 (2004).
This deferential standard “applies not only to the historical facts themselves, but the inferences from those facts as well.” Clanton v. Commonwealth, 53 Va.App. 561, 566, 673 S.E.2d 904, 907 (2009) (en banc) (citation omitted); see also Sullivan, 280 Va. at 676, 701 S.E.2d at 63-64. Thus, a factfinder may “draw reasonable inferences from basic facts to ultimate facts,” Haskins, 44 Va.App. at 10, 602 S.E.2d at 406 (citation omitted), unless doing so would push “into the realm of non sequitur,” Thomas, 48 Va.App. at 608, 633 S.E.2d at 231 (citation omitted).
In a bench trial, a trial judge’s “major role is the determination of fact, and with experience in fulfilling that role comes expertise.” Haskins, 44 Va.App. at 11, 602 S.E.2d at 407 (citation omitted). Consequently, “we do not substitute our judgment for that of the fact finder,” Hamilton v. Commonwealth, 279 Va. 94, 105, 688 S.E.2d 168, 175 (2010), “even if our opinion were to differ,” Ferguson v. Commonwealth, 51 Va.App. 427, 435, 658 S.E.2d 692, 696 (2008) (en banc). “If reasonable jurists could disagree about the probative force of the facts, we have no authority to substitute our views for those of the trial judge.” Campbell v. Commonwealth, 39 Va.App. 180,186, 571 S.E.2d 906, 909 (2002).
*665 B. Sufficiency — Intent to Distribute
Appellant argues that the evidence is insufficient to prove that he had the intent to distribute[2] in violation of Code § 18.2-248(A).[3] Appellant essentially contends the evidence gives rise to 3 reasonable hypothesis of innocence, namely that he possessed the imitation crack cocaine for personal use. Correctly observing the entire proof of “intent to distribute” is based on Detective Gavin’s testimony, appellant contends that Gavin’s testimony was ambiguous at best.
“Where an offense consists of an act combined with a particular intent, proof of the intent is essential to the conviction.” Servis v. Commonwealth, 6 Va.App. 507, 524, 371 S.E.2d 156, 165 (1988). “Because direct proof of intent [to distribute drugs, or imitation drugs] is often impossible, it must be shown by circumstantial evidence.” Id. “Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt.” Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983). Moreover,
[i]n considering an appellant’s alternate hypothesis of innocence in a circumstantial evidence case, we must determine “not whether there is some evidence to support” the appellant’s hypothesis of innocence, but, rather, “whether a reasonable [fact finder], upon consideration of all the evidence, could have rejected [the appellant’s] theories in his defense and found him guilty of [the charged crime] beyond a reasonable doubt.” [Commonwealth] v. [Hudson ], 265 Va. 505, 513, 578 S.E.2d 781, 785 (2003) (internal quotations omitted). Additionally, “circumstantial evidence is not viewed in isolation.” Id. at 514, 578 S.E.2d at 786. “ ‘While *666 no single piece of evidence may be sufficient, the “combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion.” ’ ” Derr v. Commonwealth, 242 Va. 413, 425, 410 S.E.2d 662, 669 (1991) (quoting Stamper v. Commonwealth, 220 Va. 260, 273, 257 S.E.2d 808, 818 (1979) (quoting Karnes v. Commonwealth, 125 Va. 758, 764, 99 S.E. 562, 564 (1919))). “Whether an alternate hypothesis of innocence is reasonable is a question of fact and, therefore, is binding on appeal unless plainly wrong.” Archer v. Commonwealth, 26 Va.App. 1, 12-13, 492 S.E.2d 826, 832 (1997).
Emerson v. Commonwealth, 43 Va.App. 263, 277, 597 S.E.2d 242, 249 (2004).
Absent a direct admission by the defendant, intent to distribute must necessarily be proved by circumstantial evidence. See Hunter v. Commonwealth, 213 Va. 569, 570, 193 S.E.2d 779, 780 (1973). Virginia courts have considered a number of factors alone and in combination when determining if an intent to distribute exists: 1) packaging (see McCain v. Commonwealth, 261 Va. 483, 545 S.E.2d 541 (2001) (holding that cocaine packaged in two individually wrapped blocks in a single plastic bag supported a finding of distribution)); 2) quantity (see Early v. Commonwealth, 10 Va.App. 219, 222, 391 S.E.2d 340, 341 (1990) (noting that if the quantity of drugs possessed is greater than that ordinarily possessed for personal use, that fact alone may be sufficient to prove intent; however, where the quantity is small, the fact finder may infer the drugs were intended for personal use)); 3) presence or absence of drug paraphernalia for personal use (see Welshman v. Commonwealth, 28 Va.App. 20, 37, 502 S.E.2d 122, 130 (1998) (en banc) (recognizing the absence of drug “paraphernalia suggestive of personal use” as evidence of an intent to distribute)); 4) expert testimony (see Askew v. Commonwealth, 40 Va.App. 104, 110, 578 S.E.2d 58, 61 (2003) (finding that expert testimony, such as from a police officer, is one factor to be considered by the fact finder in determining whether drugs were possessed with intent to distribute)); 5) a *667 large amount of money (see Servis, 6 Va.App. at 524, 371 S.E.2d at 165 (“the presence of an unusual amount of money, suggesting profit from sales, is another circumstance that negates an inference of possession for personal use”)); and 6) paraphernalia consistent with distribution (see Hambury v. Commonwealth, 3 Va.App. 435, 438, 350 S.E.2d 524, 525 (1986) (“the presence of paraphernalia [e.g., scales, baggie corners, or razor blades] used in the packaging process” is inconsistent with possession for personal use)).
The Commonwealth need not present evidence of each of the above factors; however, the totality of the circumstantial evidence must exclude the reasonable hypothesis of possession for personal use. Compare Dukes v. Commonwealth, 227 Va. 119, 122-23, 313 S.E.2d 382, 383-84 (1984) (possession of one-half ounce of marijuana packaged in three small envelopes, without drug paraphernalia or an unusual amount of money, is insufficient to convict a person of possession with intent to distribute), with Askew, 40 Va.App. at 111, 578 S.E.2d at 62 (possession of $700 worth of crack cocaine, a pager, and $65 in small bills, coupled with the absence of an ingestion device, is inconsistent with personal use),' and White v. Commonwealth, 25 Va.App. 662, 668, 492 S.E.2d 451, 454 (1997) (en banc) (possession of a relatively small amount of cocaine, together with possession of a pager, an electronic scale, and $581 in small bills, supports a trial court’s finding that the defendant possessed the cocaine with intent to distribute).
Here, the facts are not in dispute, nor is the credibility of Detective Gavin. The outcome of this case turns on the weight to be accorded the testimony of Detective Gavin, the Commonwealth’s expert witness.
Gavin gave three reasons in support of his conclusion that appellant did not possess the substance for personal use: (1) no ingestion devices were found on his person, (2) the packaging was inconsistent with personal use, and (3) the substance *668 was imitation crack, not crack.[4] Appellant maintains no evidence proves he knew the substance was an imitation drug.
Gavin’s testimony, however, dismantled the hypothesis, and the sole defense theory of the case — that appellant believed he possessed real, not imitation, crack and had indeed been “ripped off.” Gavin stated that if appellant was an experienced user he would have purchased crack in bulk rather than in three packages because he would have been able to obtain more of the substance. If, on the other hand, appellant was an inexperienced user, he would not have purchased that quantity of crack because “[t]hat’s a lot more than a new cocaine user would attempt.” Therefore, be he experienced or be he inexperienced, it is unlikely that appellant would have purchased three packages of the substance, believing it to be crack.
As a result, the hypothesis that appellant believed he purchased crack, not imitation crack, for personal use and was “ripped off’ was undermined by Gavin’s testimony. “Merely because defendant’s theory of the case differs from that taken by the Commonwealth does not mean that every reasonable hypothesis consistent with his innocence has not been excluded.” Miles v. Commonwealth, 205 Va. 462, 467, 138 S.E.2d 22, 27 (1964). Consequently, since appellant was not “ripped off,” the only remaining reasonable hypothesis is that he “possessed it to distribute.”
Appellant further argues that the evidence failed to exclude another reasonable hypothesis: that appellant purchased three packages of crack cocaine because a bulk quantity was not available at the time. However, the evidence does not support this suggestion, and again, the trial court rejected this theory. It is axiomatic that “the Commonwealth need only exclude reasonable hypotheses that flow from the evidence .... ” Hamilton v. Commonwealth, 16 Va.App. 751, 755, *669 433 S.E.2d 27, 29 (1993) (emphasis added). It is not our task to engage in a game of “what if,” or to attempt to create theories that the evidence does not support. This Court should “not base its holdings on “what ifs.’” Newman v. State, 156 Md.App. 20, 845 A.2d 71, 99 (2002), rev’d on other grounds, 384 Md. 285, 863 A.2d 321 (2004). Were we to do so there is no limit to the theories that may arise from an inventive mind’s eye — e.g., what if appellant found the imitation crack or was merely holding it for the other man the police observed in the area?
The absence of a smoking device is relevant in two respects. First, as noted above, the absence of a smoking device is evidence of an intent to distribute. Second, it is reasonable for the fact finder to conclude that since one cannot “smoke” an imitation drug, there was no need for appellant to possess a smoking device. Therefore, the fact finder could reasonably infer that appellant knew he possessed an imitation substance.
Appellant characterizes as ambiguous Gavin’s testimony that “most” users look for the best deal and would not buy three individual rocks for personal use. Gavin also testified “normal user[s]” maintain some type of smoking device on their person. Thus, appellant contends, Gavin’s equivocation allows for the reasonable hypothesis that he is not the “normal user” by not being economical in his purchases nor “normal” in not carrying an ingestion device.
As fact finder, the trial court rejected this hypothesis of innocence. The trial court’s decision foreclosed the possibility that appellant was merely a drug user, not a drug dealer. The rejection of a hypothesis of innocence “is binding on appeal unless plainly wrong,” Archer, 26 Va.App. at 12-13, 492 S.E.2d at 832 — even if there is “some evidence to support” the hypothesis of innocence, Hudson, 265 Va. at 513, 578 S.E0000.2d at 785. The expert did not waver in his opinion that the circumstances surrounding appellant’s possession of the imitation substance was inconsistent with personal use.
Appellant relies on Dukes, 227 Va. 119, 313 S.E.2d 382, to support his argument that lack of an ingestion device may *670 only indicate an intent to smoke the crack at a later time, that a drug packaged for sale may be as consistent with personal use as with an intent to distribute, and that one may possess three pre-wrapped pieces for personal use because that was what was available for purchase. In Dukes, like in the instant case, no unusual amount of money was found and the quantity of drugs was relatively small.
Appellant correctly states the holding in Dukes, but one significant and deciding difference must be noted. In Dukes, unlike this case, there was no expert testimony interpreting the circumstances surrounding the possession of the drugs.
Here, the trial judge, sitting as fact finder, weighed Gavin’s testimony. The trial judge found appellant guilty of the offense. This Court must give deference to the fact finder and, a fortiori, his assessment of Gavin’s testimony. Giving proper deference to the fact finder compels us to conclude no reasonable hypothesis of innocence remains. Accordingly, we are unable to say that no “rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” Jackson, 443 U.S. at 319, 99 S.Ct. at 2789. Nor can we say that no “reasonable [fact finder] ... could have rejected [the appellant’s] theor[y] in his defense____” Hudson, 265 Va. at 513, 578 S.E.2d at 785.
We affirm appellant’s conviction.

Affirmed.

. The assault and battery conviction is not before this en banc Court.

. He does not contest the fact that he possessed the substance.

. Code § 18.2-248(A) states in part:
Except as authorized in the Drug Control Act ..., it shall be unlawful for any person to manufacture, sell, give, distribute, or possess with intent to manufacture, sell, give or distribute a controlled substance or an imitation controlled substance.

. Both appellant and the Commonwealth address the significance of appellant discarding the imitation crack cocaine. That action is not probative as to whether appellant knew the substance was imitation, nor whether he intended to distribute it.