COURT OF APPEALS OF VIRGINIA

Present:    Judges Petty, Russell and Malveaux
Argued by videoconference

COMMONWEALTH OF VIRGINIA

v.        Record No. 1284-20-4

CLARK DEVELL WATSON

MEMORANDUM OPINION[*] BY
JUDGE WILLIAM G. PETTY
JUNE 8, 2021

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Dontaé L. Bugg, Judge

Timothy J. Huffstutter, Assistant Attorney General (Mark R.
Herring, Attorney General, on briefs), for appellant.

Bryan Kennedy, Senior Assistant Public Defender, for appellee.


The Commonwealth of Virginia appeals the circuit court's decision to grant bail to Clark

Devell Watson in connection with charges of robbery and use of a firearm.  For the reasons stated

below, we reverse.[1]

BACKGROUND

Because the parties are fully conversant with the record in this case and this

memorandum opinion carries no precedential value, we recite only those facts and incidents of

the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

On appeal, we review the evidence in the "light most favorable" to Watson, the prevailing party

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Watson argues this Court has no jurisdiction to hear the appeal because the
Commonwealth's petition for appeal was not timely filed.  A panel of this Court addressed
Watson's argument by order dated February 17, 2021 in response to Watson's motion to dismiss
the appeal.  In that order, this Court determined we have jurisdiction to hear this appeal.  We will
not further address that decision here.

UNPUBLISHED

in the circuit court.  Holloway v. Commonwealth, 57 Va. App. 658, 663 (2011) (*en banc*).

"Viewing the record through this evidentiary prism requires us to 'discard the evidence of the [Commonwealth] in conflict with that of [Watson], and regard as true all the credible evidence favorable to [Watson] and all fair inferences to be drawn therefrom.'"  Id. (quoting Cooper v. Commonwealth, 54 Va. App. 558, 562 (2009)).

In March 2019, Watson was indicted for a November 2014 robbery and use of a firearm in the commission of that robbery.  Watson was charged with the crime after Corey Lamont Rogers testified that he was in the car acting as lookout for two robbers and identified Watson as one of the robbers.  Watson made a motion for bail in October 2020.  At that time, Watson had been convicted of robbery in 1995 and of felony fleeing in 2013, was on probation in the District of Columbia for unlawful possession of a firearm in 2017, and had already been denied bail in March 2020.  At the October 23, 2020 hearing regarding the bail motion,  the trial court noted "a long, tortured history of this case" due in part to the "unique circumstance that the Commonwealth has made the election to use [testimony from the company] Cybergenetics to prove their case, and that's well within their right."  The trial court concluded,

> I think the presumption [against bail], given all the facts and circumstances, has been rebutted in this case. . . . The [c]ourt has to balance all of the Constitutional rights afforded to Mr. Watson in light of the proprietary interest of Cybergenetics, which I don't know the answer of where that stacks versus a person's Constitutional rights. . . .  I'm going to reset bond in this matter . . . with the special conditions[.]

The Commonwealth appeals that decision.

## ANALYSIS

"On appeal, we review the circuit court's decision whether to grant bail for abuse of judicial discretion."  Commonwealth v. Thomas, 73 Va. App. 121, 127 (2021).  "[T]he abuse of discretion standard requires a reviewing court to show enough deference to a primary decisionmaker's

judgment that the [reviewing] court does not reverse merely because it would have come to a different result in the first instance." Id. (quoting Lawlor v. Commonwealth, 285 Va. 187, 212 (2013)). "A court always abuses its discretion when it makes an error of law." Id.

> A court can also abuse its discretion in three other ways: (1) by failing to consider a relevant factor that should have been given significant weight, (2) by considering and giving significant weight to an irrelevant or improper factor, and (3) when the circuit court, while weighing "all proper factors," commits a clear error of judgment.

Id. (citing Lawlor, 285 Va. at 213).

The requirements for admission to bail are set forth in Code § 19.2-120. The statute states in relevant part,

> The judicial officer shall presume, subject to rebuttal, that no condition or combination of conditions will reasonably assure the appearance of the person or the safety of the public if the person is currently charged with:
> 1. An act of violence as defined in § 19.2-297.1;
> 2. An offense for which the maximum sentence is life imprisonment or death.

Code § 19.2-120(B). "Put simply, if this presumption against bail applies, the burden of persuasion shifts to the defendant to rebut the presumption that there is no condition or combination of conditions that will reasonably assure the defendant's appearance at future court proceedings or prevent future criminal activity while awaiting trial." Thomas, 73 Va. App. at 128.

Watson was charged with robbery, which is defined as an act of violence in Code § 19.2-297.1. The presumption against bail thereby applied. "[W]hen the presumption against bail applies, our Supreme Court has made it clear that it is not sufficient that an appellate court assume the presumption was rebutted simply by virtue of the fact that a circuit court admitted a defendant to pre-trial bail." Id. at 129. Watson was required to provide facts on which the trial court could rely in finding the presumption had been rebutted. He did not do so. Although Watson proffered his aunt's out-of-state address in Washington, D.C., as the place he would reside while released on bail,

- 3 -

he failed to tell the court the quality of his relationship with his aunt, what commitment the aunt was providing to house him, or what community ties he had in the Commonwealth or in Washington, D.C. He suggested he wanted to be involved in gaining custody of his children but failed to offer facts regarding his past or present relationship with his children, the status of the custody proceedings, or the likelihood he could participate in custody.

The trial court gave a cursory statement that "given all the facts and circumstances in this case" and the "long, tortured history of this case" the presumption was rebutted. Although

> [t]here is no general requirement that trial courts must state for the record the reasons underlying their decisions, . . . a court making such a decision has a duty to articulate the basis of its ruling sufficiently to enable a reviewing court to make an objective determination that the court below has not abused its discretion.

Id. (quoting Shannon v. Commonwealth, 289 Va. 203, 206 (2015)). The trial court stated no factual findings concerning the factors the court was required to consider—the nature and circumstances of the armed robbery, the danger Watson posed to the community, and his likelihood of flight. The trial court expressed the most concern for the continuances necessitated by the Commonwealth's election to use Cybergenetics as a witness. This was an improper factor to consider in determining if the presumption had been rebutted. A delay in trial simply has no bearing on a defendant's danger to the community or flight risk. The trial court thereby abused its discretion when it "consider[ed] and [gave] significant weight to an irrelevant or improper factor." Id. at 127. Moreover, it is "impossible to determine from the circuit court's ruling what, if any, consideration or weight the circuit court might have given to the [factors required by the] statutory presumption against bail." Id. at 129. These factors included the effect of Watson's current probation in another jurisdiction for a firearm conviction, his pending charges involving a violent felony, his apparent lack of family ties in the Commonwealth, and his proffer that he would be living in another jurisdiction. See id.

Despite the significant evidence favoring the denial of bail, the lack of evidence favoring release on bail, and the presumption itself, the trial court did not articulate factual findings in support of its conclusion that Watson had borne his burden of persuasion that he was neither a flight risk nor a danger to the public and should be released on bail. See id. at 131. Accordingly, we reverse the trial court's grant of bail and remand with direction that the order of the court granting bail be vacated.

## CONCLUSION

For the reasons above, we reverse the circuit court's order granting Watson pre-trial bail and remand this case to the trial court for further proceedings consistent with this opinion and as directed by Code § 19.2-124(A). See id.

Reversed and remanded.