COURT OF APPEALS OF VIRGINIA


Present:    Judges Elder, Powell and Senior Judge Coleman
Argued at Richmond, Virginia


TIMOTHY ANTONIO JONES

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0552-08-2                     JUDGE LARRY G. ELDER
                                                         APRIL 28, 2009

COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                           Walter W. Stout, III, Judge

              Jessica M. Bulos, Assistant Appellate Defender (Office of the
              Appellate Defender, on briefs), for appellant.

              Alice T. Armstrong, Assistant Attorney General II (Robert F.
              McDonnell, Attorney General, on brief), for appellee.


       Timothy Antonio Jones (appellant) appeals from his bench trial conviction for possessing

burglary tools in violation of Code § 18.2-94.  On appeal, he contends the evidence was

insufficient to prove he possessed the items with the requisite intent.  He also contends the

revocation of the suspension of his sentence for a prior offense was improper because it was

based solely on the conviction for possessing burglary tools.  We hold the evidence was

sufficient to prove intent.  Thus, we affirm both appellant's conviction for possession of burglary

tools and the revocation of the suspension of his sentence for the prior offense.

---

       [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

I.

A.

SUFFICIENCY OF THE EVIDENCE TO PROVE INTENT

Code § 18.2-94 provides that

> If any person have in his possession any tools, implements or
> outfit, with intent to commit burglary, robbery or larceny, upon
> conviction thereof he shall be guilty of a Class 5 felony.  The
> possession of such burglarious tools, implements or outfit by any
> person other than a licensed dealer, shall be prima facie evidence
> of an intent to commit burglary, robbery or larceny.

Appellant contends the evidence was insufficient to support his conviction for violating Code

§ 18.2-94 because it failed to prove he acted with the requisite intent.

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.'"  Archer v. Commonwealth,

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App.

438, 443, 358 S.E.2d 415, 418 (1987)).  Intent, like any other element of a crime, may be proved

by circumstantial evidence, as long as the evidence as a whole excludes all reasonable

hypotheses of innocence.  See, e.g., Rice v. Commonwealth, 16 Va. App. 370, 372, 429 S.E.2d

879, 880 (1993).  "[T]he Commonwealth need only exclude reasonable hypotheses of innocence

that flow from the evidence, not those that spring from the imagination of the defendant."

Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993).  Circumstantial

evidence of intent may include the conduct and statements of the alleged offender.  E.g.

Campbell v. Commonwealth, 12 Va. App. 476, 484, 405 S.E.2d 1, 4 (1991) (en banc).

The evidence, viewed in the light most favorable to the Commonwealth, supports the trial

court's finding that appellant was guilty beyond a reasonable doubt of the offense of possessing

burglarious tools.  Security Guard James Wadsworth found appellant on MAACO's fenced auto

lot after normal business hours when he responded to a report that the business's security alarm

had been set off.  Appellant was the only person present on the premises.  The only reasonable hypothesis flowing from the evidence of appellant's solitary presence on the property ten minutes after the alarm sounded is that his presence set off the alarm and did so because he lacked permission to be on the fenced property of the business that was closed for the evening.

The evidence also established appellant had various tools in his possession, including a hammer, screwdriver, and pliers, and that he was removing a touch screen radio from a Crown Victoria taxi.  In order to do so, he cut approximately eight wires rather than disconnecting the radio in some less invasive fashion.  When Wadsworth announced his presence and inquired repeatedly why appellant was present, appellant simply did not answer him.  When Wadsworth told appellant to drop the radio and tools, appellant—instead of complying or giving Wadsworth an explanation for his presence there—came at Wadsworth with the hammer and screwdriver in a threatening manner.  When Wadsworth attempted to use his taser to subdue appellant, appellant disabled the device and fled.  The only reasonable inference flowing from this evidence, viewed in the light most favorable to the Commonwealth, is that appellant, in addition to being on the premises without permission, also lacked permission to take the radio and that he possessed at least some of the tools, such as the pliers with which he likely cut the radio wires, with the intent to commit burglary or larceny.  Thus, the evidence was sufficient to support his conviction for violating Code § 18.2-94.

## B.

### REVOCATION OF SUSPENSION OF SENTENCE

Appellant contends "[t]he trial court erred in revoking six (6) months of [his] previously suspended sentence when the sole basis for the revocation was the new conviction [for possessing burglary tools] and that conviction should be reversed."  Because we conclude the evidence was sufficient to support appellant's conviction for possessing burglary tools, we

necessarily also affirm the court's revocation of the suspension of sentence based on that new conviction.

II.

For these reasons, we affirm both appellant's conviction for possession of burglary tools and the revocation of the suspension of his sentence for the prior offense.

Affirmed.