**Richmond**

NATHANIEL ANTONIO JETTER

V.

COMMONWEALTH OF VIRGINIA

No. 1681-92-2

Decided February 22, 1994

COUNSEL

Andrea C. Long (David E. Boone; Boone, Beale, Carpenter & Cosby, on brief), for appellant.

Kathleen B. Martin, Assistant Attorney General (Stephen D. Rosenthal, Attorney General, on brief), for appellee.

OPINION

BAKER, J.—Nathaniel Antonio Jetter (appellant) appeals from a judgment of the Circuit Court of the City of Richmond (trial court) that approved a jury verdict convicting him of possession of cocaine with intent to distribute. The dispositive issue presented by this appeal is whether the evidence is sufficient to prove that appellant was in possession of the cocaine discovered in the trunk of his car. At trial, appellant conceded that intent to distribute was not an issue, arguing only that the Commonwealth did not prove he was in possession of the drug as required by law. Finding the evidence sufficient to support the jury verdict, we affirm the judgment of the trial court.

Where sufficiency of the evidence is challenged, we view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. *Higginbotham v. Commonwealth*, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). A conviction will be affirmed unless it appears from the evidence that it is plainly wrong. *Wright v. Commonwealth*, 224 Va. 502, 505, 297 S.E.2d 711, 713 (1982); *Carter v. Commonwealth*, 223 Va. 528, 532, 290 S.E.2d 865, 867 (1982).

The sole testimony contained in the record is that of Officer William J. Potter of the Richmond police. Officer Potter testified that at 9:35 p.m., armed with a search warrant, he and other officers forcefully entered appellant's residence. At the time, appellant was not in the house which had been under surveillance since the afternoon before. The officers searched appellant's bedroom, where they observed male clothing, mail addressed to appellant, a bill addressed to appellant for personal property tax on a 1977 Chevrolet and a set of car keys "buried" under other mail that had been placed on the dresser.

The police found the locked Chevrolet parked in the grass in the backyard between the garage and appellant's house. The vehicle was not visible from the street. Using the keys found in appellant's bed-

room, the officers opened the trunk. Inside, they discovered a set of electronic scales; a pair of scissors; several hundred empty, small plastic Ziploc bags; and 539 similar bags containing crack cocaine. The cocaine had a street value of $10,700 and was packed in $20 bags. A registration card found in the glove compartment identified appellant as the owner of the Chevrolet.

Appellant's motion to strike the evidence was denied, after which he presented no evidence on his own behalf. After the jury returned the guilty verdict, for the same reasons stated in his motion to strike, appellant moved the trial court to set aside the verdict and dismiss the charge against him. That motion was also denied.

On appeal, the burden is on appellant to show that the evidence failed to support the trial court's decision. *Martin v. Commonwealth*, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). No evidence was introduced from which it could be reasonably inferred that any person other than appellant used or had access to the Chevrolet. Proof that the cocaine was found on the premises owned by the accused is insufficient, standing alone, to prove constructive possession. However, "such evidence is probative of possession and is a circumstance which may be considered along with other evidence." *Hodge v. Commonwealth*, 7 Va. App. 351, 358, 374 S.E.2d 76, 80 (1988).

Here, the evidence disclosed that appellant was the sole owner of the car and had the keys in his bedroom, out of sight, under assorted mail located on his dresser. The Chevrolet was parked on the grass at a place where it could not be seen from the street. The evidence of ownership of the vehicle in which the drugs were found does not stand alone. It is supported by other uncontradicted evidence. Viewed in its totality, it can be fairly inferred that appellant knew of the existence of the drugs at the place where they were found. Moreover, in the absence of contrary evidence, appellant's possession of the car keys is significant evidence from which, when considered with the other evidence, it can be inferred that the drugs were subject to his dominion and control. No other hypotheses could be reasonably inferred from this record.

To convict a defendant of illegal possession of drugs, the Commonwealth must prove that the defendant was aware of the presence and character of the drugs, and that he intentionally and consciously possessed them. Constructive possession may be es-

tablished by showing that an accused has dominion or control over the drugs.

*Andrews v. Commonwealth*, 216 Va. 179, 182, 217 S.E.2d 812, 814 (1975) (citations omitted).

Appellant contends that the case before us is controlled by this Court's panel decision in *Burchette v. Commonwealth*, 15 Va. App. 432, 425 S.E.2d 81 (1992). We disagree. That opinion specifically noted that the evidence failed to show that Burchette "possessed a set of keys to the vehicle." *Id.* at 436, 425 S.E.2d at 84. That fact alone significantly distinguishes *Burchette* from this case.

For the reasons stated, we cannot say the judgment of the trial court was plainly wrong and hold that the evidence is sufficient to prove appellant unlawfully possessed cocaine. There being no issue whether the evidence is sufficient to prove intent to distribute, we affirm the judgment of the trial court.

*Affirmed.*

Barrow, J., and Cole, S.J.,* concurred.

---

*Judge Marvin F. Cole was appointed Senior Judge effective July 12, 1993, pursuant to Code § 17-116.01:1.