COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Bray and Bumgardner
Argued at Salem, Virginia


LEROY NEAL BARKSDALE, S/K/A
 LEROY NEIL BARKSDALE
                                        OPINION BY
v.   Record No. 2566-98-3        JUDGE RICHARD S. BRAY
                                     DECEMBER 28, 1999
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
                       James F. Ingram, Judge

            S. Jane Chittom, Appellate Counsel (Elwood
            Earl Sanders, Jr.; Public Defender
            Commission, on briefs), for appellant.

            John H. McLees, Jr., Assistant Attorney
            General (Mark L. Earley, Attorney General, on
            brief), for appellee.


     Leroy Neal Barksdale (defendant) was convicted in a bench

trial for possession of cocaine with intent to distribute, a

violation of Code § 18.2-248.  On appeal, defendant complains that

the trial court erroneously denied his motion for an order

requiring the Commonwealth to provide a qualitative analysis of

the offending substance.  Defendant also challenges the

sufficiency of the evidence to support the conviction.  Finding no

error, we affirm the trial court.

                              I.

     In reviewing the sufficiency of the evidence, we consider the

record "'in the light most favorable to the Commonwealth, giving

it all reasonable inferences fairly deducible therefrom.  In so doing, we must discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth . . . .'"  Watkins v. Commonwealth, 26 Va. App. 335, 348, 404 S.E.2d 859, 866 (1998) (citation omitted).  The credibility of the witnesses, the weight accorded testimony, and the inferences to be drawn from proven facts are matters to be determined by the fact finder.  See Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989).  "When weighing the evidence, the fact finder is not required to accept entirely either the Commonwealth's or defendant's account of the facts," but "may reject that which it finds implausible, [and] accept other parts which it finds to be believable."  Pugliese v. Commonwealth, 16 Va. App. 82, 92, 428 S.E.2d 16, 24 (1993).  The judgment of the trial court will not be set aside unless plainly wrong or unsupported by the evidence.  See Code § 8.01-680.

At approximately 3:10 p.m. on August 20, 1997, Danville Police Patrolman L.R. Kennedy and Detectives Tommy Merricks and C.D. Evans executed a search warrant for defendant's apartment.  In a nightstand drawer, Evans discovered $105 cash and a "small black bag like maybe a [sic] electric razor would come in," "bulged out" "from the contents."  A search of the black bag revealed "a little plastic bag of white powder," "like a sandwich bag," marijuana wrapped in a paper towel, an additional $517 cash,

-

food stamps, and "flat, electronic type scales." The certificate of analysis subsequently prepared by the Commonwealth's Division of Forensic Science identified the "powder" as "cocaine (Schedule II), 26.2 grams," and defendant admitted possession for his personal use.

At trial, Detective Merricks qualified as an expert on the "street value" of cocaine and fixed the worth of 26.2 grams at $800 to $1,300. Without objection, Merricks described 26.2 grams as "a large amount to be recovered," noting that he had "not encountered anyone that is a user that has had [that quantity] of cocaine at one time," that the most he had "ever seen anyone purchase for personal use . . . was a hundred dollars' worth."

Defendant testified that he had been a "cocaine addict" for thirty years and admitted purchasing the subject drugs, a "three or four day" supply, for $750 several hours prior to the search of his residence. He claimed that he won the purchase money and remaining cash by "hitting the lottery," "three days in a row,"[1] and "working and everything," and used the scales "to weigh what [drug dealers] sold" him.

On cross-examination, defendant explained that he supported his cocaine habit, which consumed seven grams daily, by seasonal employment several months each year at a weekly wage of $175, irregular earnings "cleaning gutters and raking leaves[,] . . .

---

[1] Defendant also testified that he "hit the numbers" "eleven times" in 1997, winning in excess of $500 on each occasion.

-

stuff like that," and "shoplifting."  Whenever without funds to purchase cocaine, defendant would "just chill out and . . . use no drugs."  He admitted to "six or seven" prior felony convictions, including robbery.

## II.

Defendant first argues that the trial court erroneously denied his motion, made immediately prior to the commencement of trial, that the Commonwealth be required to provide a "quanitative analysis" of the "powder," identified simply as "cocaine" in the certificate of analysis, to determine and quantify the composition of the substance.  In support of the motion, defendant's counsel expressed his "belie[f]" that further analysis would reveal the presence of a "cutting agent," evidence which may rebut any inference of an intent to distribute cocaine arising from the total quantity of powder.  In concluding his argument to the court, counsel acknowledged, "I'm rolling the dice here."

The Supreme Court of Virginia has instructed that "an indigent defendant[2] who seeks the appointment of an expert witness, at the Commonwealth's expense, must demonstrate that the subject which necessitates the assistance of the expert is 'likely to be a significant factor in his defense,' and that he will be prejudiced by the lack of expert assistance[,]" resulting "in a fundamentally unfair trial."  Husske v. Commonwealth, 252 Va. 203,

_____

[2] The instant record discloses that defendant was indigent.

-

211-12, 476 S.E.2d 920, 925 (1996) (footnote added) (citations omitted), <u>cert. denied</u>, 519 U.S. 1154 (1997); <u>see</u> <u>also</u> <u>Vinson v. Commonwealth</u>, ___ Va. ___, ___, ___ S.E.2d ___, ___ (1999). Thus, the <u>Husske</u> Court reasoned that the accused must show a "particularized need" for such expertise and that "'"'[m]ere hope or suspicion that favorable evidence is available is not enough to require that such help be provided.' . . . The determination . . . whether a defendant has made an adequate showing of particularized necessity lies within the discretion of the trial judge."'" <u>Husske</u>, 252 Va. at 212, 476 S.E.2d at 925-26 (citations omitted).

Here, defendant "believe[d]" that a qualitative analysis of the contraband would precisely quantify the cocaine, apart from any cutting agent, evidence which he speculates would negate any inference of an intent to distribute based upon gross weight. However, nothing in the record establishes the relevance of purity either to the distribution of cocaine or a related prosecution for the offense. Perhaps more telling, defendant characterized his motion as "rolling the dice." Thus, the record failed to demonstrate a particularized need for the requested expertise but, rather, defendant's mere hope that the evidence would promote his defense. Such conjecture, lacking substance, did not implicate defendant's fundamental right to a fair trial. Accordingly, the trial court properly denied the motion.

-

III.

Defendant next challenges the sufficiency of the evidence to establish the requisite intent to distribute.

"If evidence of intent is wholly circumstantial, 'all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence.'" Dukes v. Commonwealth, 227 Va. 119, 122, 313 S.E.2d 382, 383 (1984) (citation omitted). "When the proof of intent to distribute rests upon circumstantial evidence, the quantity which the defendant possesses is a circumstance to be considered. Indeed, quantity, alone, may be sufficient to establish such intent if it is greater than the supply ordinarily possessed for one's personal use." Id. (citation omitted). Furthermore, "[t]he presence of an unusual amount of money, suggesting profit from sales," Servis v. Commonwealth, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988) (citation omitted), and "the presence of paraphernalia," such as scales, are factors supporting a conviction for possession with intent to distribute. Davis v. Commonwealth, 12 Va. App. 728, 733, 406 S.E.2d 922, 925 (1991).

Detective Merricks testified that the quantity of cocaine in defendant's possession was inconsistent with customary personal use. The drugs were found together with a large sum of money and electronic scales suitable for weighing like contraband in furtherance of distribution. Although defendant offered explanations for the cash, scales and quantity of cocaine to

-

refute an intent to distribute, the court was free to ignore his testimony and "infer that he lied to conceal . . . guilt." Speight v. Commonwealth, 4 Va. App. 83, 88, 354 S.E.2d 95, 98 (1987).

Accordingly, we find the evidence sufficient to support the conviction and affirm the decision of the trial court.

Affirmed.

-

Benton, J., dissenting.

Leroy Barksdale concedes the evidence is sufficient to prove his possession of cocaine, but he contends the evidence is insufficient to prove his intent to distribute. I agree; therefore, I dissent.

"To satisfy the due process requirements of the . . . Constitution, the prosecution must bear the burden of proving all elements of the offense beyond a reasonable doubt." Stokes v. Warden, 226 Va. 111, 117, 306 S.E.2d 882, 885 (1983). "It is elementary that where, as here, an indictment charges an offense which consists of an act combined with a particular intent, proof of the intent is essential to conviction. . . . Existence of the intent, however, cannot be based upon surmise or speculation." Patterson v. Commonwealth, 215 Va. 698, 699, 213 S.E.2d 752, 753 (1975) (citations omitted). Intent must be proved beyond a reasonable doubt. See Dukes v. Commonwealth, 227 Va. 119, 123, 313 S.E.2d 382, 384 (1984); Wells v. Commonwealth, 2 Va. App. 549, 553, 347 S.E.2d 139, 141 (1986).

> [W]ell established principles apply to testing the sufficiency of circumstantial evidence. In LaPrade v. Commonwealth, 191 Va. 410, 418, 61 S.E.2d 313, 316 (1950), [the Supreme Court] summarized those principles as follows:
>
> ". . . [I]f the proof relied upon by the Commonwealth is wholly circumstantial, as it here is, then to establish guilt beyond a reasonable doubt all necessary circumstances proved must be consistent with guilt and inconsistent with innocence. They must

-

> overcome the presumption of innocence and exclude all reasonable conclusions inconsistent with that of guilt. To accomplish that, the chain of necessary circumstances must be unbroken and the evidence as a whole must satisfy the guarded judgment that both the corpus delicti and the criminal agency of the accused have been proved to the exclusion of any other rational hypothesis and to a moral certainty. . . ."
>
> But, circumstances of suspicion, no matter how grave or strong, are not proof of guilt sufficient to support a verdict of guilty. The actual commission of the crime by the accused must be shown by evidence beyond a reasonable doubt to sustain his conviction.

Clodfelter v. Commonwealth, 218 Va. 619, 623, 238 S.E.2d 820, 822 (1977).

The detective did not opine that the 26.2 grams of cocaine was inconsistent with personal use. Indeed, he testified as follows:

> Q: . . . . Now you have not offered an opinion as to the quantity that can be used in personal use today?
>
> A: No sir.
>
> Q: You have been strictly only as to value of this substance on the street?
>
> A: Yes sir.

Although the detective testified that 26.2 grams was not an amount typically purchased on the street, he testified that in the past eighteen months he had been involved in operations where other individuals made purchases on the streets of Danville of "approximately this quantity" of cocaine. He also

-

testified that the purchase value of that quantity of powder cocaine was $800 to $1,300 and that "powder has been less and less . . . prevalent on the streets of Danville."  The evidence further proved that although one-eighth of an ounce of cocaine, known as an "eight-ball," is a typical unit of purchase on the street, the amount of cocaine Barksdale possessed (26.2 grams), which is less than an ounce, had been purchased on the streets by the police.  In addition, the detective testified that heavily addicted cocaine users would want to have an ounce of cocaine to use if they could "get their hands on it."  In short, this evidence does not establish that the amount of cocaine Barksdale possessed was not for his personal use.  See, e.g., United States v. Levy, 703 F.2d 791, 792 (4th Cir. 1983) (noting that 4.75 ounces of cocaine does not exceed the quantity a user might store for personal use).

Although scales were found in proximity to the cocaine, no evidence tended to prove a use other than that testified to by Barksdale.  He testified that he used the scales to weigh the cocaine after he made purchases so as to assure himself that he was not being cheated.  Considering the absence of proof that Barksdale possessed any packaging materials or cutting agents or any other circumstance tending to prove intent to distribute, the evidence failed to prove that Barksdale intended to distribute the cocaine which was located in a drawer of a nightstand in his bedroom.

-

For these reasons, I would reverse the conviction for possession with intent to distribute.