COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Elder and Bray
Argued at Chesapeake, Virginia


TERRANCE LESTER KINDRED, JR., S/K/A
 TERRENCE LESTER KINDRED, JR.
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 1182-99-1     CHIEF JUDGE JOHANNA L. FITZPATRICK
                                         MARCH 7, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                     Wilford Taylor, Jr., Judge

            J. Ashton Wray, Jr., for appellant.

            Stephen R. McCullough, Assistant Attorney
            General (Mark L. Earley, Attorney General, on
            brief), for appellee.


     Terrence Lester Kindred, Jr. (appellant) was convicted in a

bench trial of possession with intent to distribute cocaine, in

violation of Code § 18.2-248.  The sole issue raised on appeal

is whether the evidence was sufficient to establish that

appellant constructively possessed the cocaine.  Finding the

evidence insufficient, we reverse.

                                I.

     When the sufficiency of the evidence is challenged on

appeal, we determine whether the evidence, viewed in the light

most favorable to the prevailing party, the Commonwealth, and

---

     [*] Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

the reasonable inferences fairly deducible from that evidence support each and every element of the charged offense. See Moore v. Commonwealth, 254 Va. 184, 186, 491 S.E.2d 739, 740 (1997); Derr v. Commonwealth, 242 Va. 413, 424, 410 S.E.2d 662, 668 (1991). "In so doing, we must discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom." Watkins v. Commonwealth, 26 Va. App. 335, 349, 494 S.E.2d 859, 866 (1998). "We will not reverse the judgment of the trial court, sitting as the finder of fact in a bench trial, unless it is plainly wrong or without evidence to support it." Reynolds v. Commonwealth, 30 Va. App. 153, 163, 515 S.E.2d 808, 813 (1999) (citing Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)).

Viewed in this light, the evidence established that on April 12, 1998, at approximately 4:30 a.m., Officer Daniel Jackson found appellant asleep in the driver's seat of a running car that was stopped at an intersection. Appellant was the sole occupant of the car. He had a pager and a cellular phone in his lap and $140 in cash in his pocket. The money was in small denominations--five one dollar bills, one five dollar bill, one ten dollar bill, and six twenty dollar bills. No smoking device was recovered from the car or appellant's person. Jackson arrested appellant for driving under the influence of alcohol.

-

In an inventory search of the car, Jackson found a clear plastic bag containing 8.949 grams of crack cocaine between the driver's side sun visor and the roof of the car. Jackson testified that he could not see the cocaine and only part of the plastic bag was visible.

The car was registered to appellant's girlfriend. No evidence established that appellant drove the car on a regular basis or whether he had ever driven it before. Appellant denied knowledge of the presence of the cocaine in the car and at the time of his arrest told Jackson that he was going to use the cash to buy his daughter an Easter dress.

To establish possession of a controlled substance, the Commonwealth must prove that "'the defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it.'" McNair v. Commonwealth, 31 Va. App. 76, 85-86, 521 S.E.2d 303, 308 (1999) (en banc) (quoting Gillis v. Commonwealth, 215 Va. 298, 301, 208 S.E.2d 768, 771 (1974)). However, "[c]onstructive possession may be proved through evidence demonstrating 'that the accused was aware of both the presence and character of the substance and that it was subject to his or her dominion and control.'" Id. at 86, 521 S.E.2d at 308 (quoting Wymer v. Commonwealth, 12 Va. App. 294, 300, 403 S.E.2d 702, 706 (1991)). "Knowledge of the presence and character of the controlled substance may be shown by evidence of the acts, statements or conduct of the

-

accused."  Eckhart v. Commonwealth, 222 Va. 447, 450, 281 S.E.2d 853, 855 (1981); see Glasco v. Commonwealth, 26 Va. App. 763, 774, 497 S.E.2d 150, 155 (1998).

Proof by circumstantial evidence "'is not sufficient . . . if it engenders only a suspicion or even a probability of guilt. Conviction cannot rest upon conjecture.'"  Littlejohn v. Commonwealth, 24 Va. App. 401, 414, 482 S.E.2d 853, 859 (1997) (quoting Hyde v. Commonwealth, 217 Va. 950, 955, 234 S.E.2d 74, 78 (1977)).  "'"[A]ll necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence."'"  Betancourt v. Commonwealth, 26 Va. App. 363, 373, 494 S.E.2d 873, 878 (1998) (quoting Stover v. Commonwealth, 222 Va. 618, 623, 283 S.E.2d 194, 196 (1981) (quoting Inge v. Commonwealth, 217 Va. 360, 366, 228 S.E.2d 563, 567 (1976))).  "When, from the circumstantial evidence, 'it is just as likely, if not more likely,' that a 'reasonable hypothesis of innocence' explains the accused's conduct, the evidence cannot be said to rise to the level of proof beyond a reasonable doubt."  Littlejohn, 24 Va. App. at 414, 482 S.E.2d at 859 (quoting Haywood v. Commonwealth, 20 Va. App. 562, 567-68, 458 S.E.2d 606, 609 (1995)).  The Commonwealth need not "exclude every possible theory or surmise," but it must exclude those hypotheses "which flow from the evidence itself."  Cantrell v. Commonwealth, 7 Va.

-

App. 269, 289-90, 373 S.E.2d 328, 338-39 (1988) (citations omitted).

In the instant case, the Commonwealth's evidence failed to prove acts or conduct from which the trial court could infer beyond a reasonable doubt that appellant knowingly and intentionally possessed the cocaine found behind the sun visor of the car. When Jackson first approached the car, he found appellant sleeping at the wheel. After waking appellant and upon further investigation, the officer learned that the car was not registered to appellant and he later found out that it belonged to appellant's girlfriend. Appellant denied any knowledge of the presence of the cocaine, and Jackson admitted on cross-examination that appellant did not make "any gestures" to indicate that "he knew [the cocaine] was there." Appellant's mere proximity to the cocaine found in the visor is not sufficient to prove his possession of the controlled substance. See Walton v. Commonwealth, 255 Va. 422, 426, 497 S.E.2d 869, 872 (1998).[1]

---

[1] The cases cited by the Commonwealth are factually distinguishable. For example, in Glasco, 26 Va. App. at 774, 497 S.E.2d at 155, although the car in which drugs were found did not belong to the defendant, the arresting officer had seen the defendant driving it on previous occasions. Likewise, in Brown v. Commonwealth, 15 Va. App. 1, 9, 421 S.E.2d 877, 882 (1992), while the car in which drugs were found was registered to another individual, the defendant drove the car to a known drug area, got out and later returned from an "area where other drug related arrests had been made that night."

In other cases cited by the Commonwealth, there was some other act or statement by the defendant. See Logan v.

-

Additionally, the cellular phone and pager found in appellant's lap when the officer approached the car did not tie him to the drugs found behind the visor. "It does not follow . . . that because police officers know that drug dealers frequently own guns, cellular telephones, or beepers, [that the defendant] was a drug dealer and, therefore, he knowingly possessed the [cocaine] found in . . . the parked vehicle." Burchette v. Commonwealth, 15 Va. App. 432, 437, 425 S.E.2d 81, 85 (1992) (emphasis added). "In essence, the Commonwealth asks us to hold that since most drug dealers carry [cellular phones and beepers], most people who carry [cellular phones and beepers] are drug dealers. We reject this hypothesis." Id.

Viewed as a whole, the circumstantial factors here are suspicious, but they do not prove beyond a reasonable doubt that appellant constructively possessed the cocaine found in the visor of the car. For the foregoing reasons, we reverse and dismiss the conviction.

                                    Reversed and dismissed.

---

Commonwealth, 19 Va. App. 437, 444-45, 452 S.E.2d 364, 369 (1994) (defendant never disputed that the car was his in answering the Commonwealth's questions); Jetter v. Commonwealth, 17 Va. App. 745, 747, 440 S.E.2d 633, 634 (1994) (defendant was sole owner of the car and had the keys in his bedroom); Hamilton v. Commonwealth, 16 Va. App. 751, 754, 433 S.E.2d 27, 28-29 (1993) (although defendant initially denied ownership of the drugs, she later told the officer she had a drug problem and stated that she would not return to the area if the officer "let her go").

-