COURT OF APPEALS OF VIRGINIA


Present:    Judges Humphreys, McClanahan and Senior Judge Willis
Argued at Chesapeake, Virginia


RUDOLPH BROWN, JR.
                                                              MEMORANDUM OPINION[*] BY
v.        Record No. 2297-08-1                                JUDGE JERE M.H. WILLIS, JR.
                                                              DECEMBER 15, 2009
COMMONWEALTH OF VIRGINIA


                   FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                                   Charles E. Poston, Judge

              Danny S. Shipley for appellant.

              John W. Blanton, Assistant Attorney General (William C. Mims,
              Attorney General, on brief), for appellee.


        Rudolph Brown, Jr. was convicted of possessing cocaine with the intent to distribute it

and of possessing a firearm while possessing cocaine with the intent to distribute it.  On appeal,

he challenges the sufficiency of the evidence to support those convictions.  We affirm the

judgment of the trial court.

                                        BACKGROUND

        "On appeal, 'we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.'"  Archer v. Commonwealth,

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App.

438, 443, 358 S.E.2d 415, 418 (1987)).

        On March 1, 2006, at approximately 8:00 p.m., two police officers knocked on the door

of Brown's residence.  Brown, clad only in a towel, opened the door.  He "was . . . dripping wet

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

from . . . a shower or a bath." The temperature was " in the 40s." Seeing the officers, Brown stepped outside and shut the door behind him. The officers asked him for identification. He re-entered the residence, shutting the door behind him. Still wearing only a towel, he returned with the identification. Again, he stepped outside and closed the door behind him.

As they approached the house, the officers heard movement inside. Each time the door was opened, they smelled the odor of burning marijuana coming from inside the house. One officer saw another person inside. When asked by the officers whether he possessed any weapons, Brown replied that there was a weapon in his bedroom. The officers detained him and knocked on the door. Terry Kelly opened the door and allowed the officers to enter the house. Upon entering, they saw marijuana and drug paraphernalia. The officers secured the house, detained all three occupants, and obtained a search warrant.

Upon searching the house, the police discovered a bag of cocaine under the couch in the living room, a large sum of money in denominations and bundled consistent with drug dealing, several boxes of plastic baggies, an electronic scale, and a loaded firearm in Brown's bedroom. Outside the back door, they found a Crown Royal bag containing fifty-five grams of cocaine. DNA analysis could not eliminate Brown or Kelly as handlers of the bag.

<u>ANALYSIS</u>

Brown contends the evidence was insufficient to prove that he constructively possessed the cocaine. He does not argue that the evidence was insufficient to show that the possessor(s) of the cocaine intended to distribute it. He does not argue that he did not possess the firearm found in his bedroom. Therefore, if the evidence was sufficient to prove that he possessed the cocaine, it likewise proved his guilt of the firearm offense. <u>See</u> <u>Wright v. Commonwealth</u>, ___ Va. ___, ___, ___ S.E.2d ___, ___ (Nov. 5, 2009).

> Possession may be actual or constructive. Constructive possession
> may be established by "evidence of acts, statements, or conduct of

the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and the character of the substance and that it was subject to his dominion and control."

Logan v. Commonwealth, 19 Va. App. 437, 444, 452 S.E.2d 364, 368-69 (1994) (*en banc*) (quoting Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1989)) (other citation omitted).

> Ownership or occupancy of a vehicle or of premises where illicit drugs are found is a circumstance that may be considered together with other evidence tending to prove that the owner or occupant exercised dominion and control over items in the vehicle or on the premises in order to prove that the owner or occupant constructively possessed the contraband . . . . Furthermore, proof that a person is in close proximity to contraband is a relevant fact that, depending on the circumstances, may tend to show that, as an owner or occupant of property or of a vehicle, the person necessarily knows of the presence, nature and character of a substance that is found there.

Burchette v. Commonwealth, 15 Va. App. 432, 435, 425 S.E.2d 81, 83 (1992) (citations omitted).

Brown lived in the house. The marijuana and drug paraphernalia were in plain view, as were plastic baggies and an electronic scale. Baggies are often used for packaging illegal drugs. See Thomas v. Commonwealth, 44 Va. App. 741, 755, 607 S.E.2d 738, 744, opinion adopted on reh'g en banc, 45 Va. App. 811, 613 S.E.2d 870 (2005). Scales are tools of the drug trade. See Barksdale v. Commonwealth, 31 Va. App. 205, 212, 522 S.E.2d 388, 391 (1999). Firearms are also tools of the drug trade. See Thomas, 44 Va. App. at 755, 607 S.E.2d at 745. Brown admitted that the loaded firearm belonged to him.

Although not in plain view, the police recovered from readily accessible locations a large sum of cash and two large stashes of cocaine. The cash was in denominations consistent with drug distribution. See White v. Commonwealth, 25 Va. App. 662, 668, 492 S.E.2d 451, 454 (1997).

Brown attempted to shield the officers from the interior of the house. We reject his suggestion that he was merely attempting to shield the marijuana and that he was not aware of the presence of the cocaine. "[A defendant] cannot avoid the inferences which the fact finder may draw from his actions because other charges [could have been brought] against him and he may also have been evading those charges." Langhorne v. Commonwealth, 13 Va. App. 97, 103, 409 S.E.2d 476, 477 (1991).

Brown contends the evidence was insufficient to prove that he possessed the fifty-five grams of cocaine contained in the Crown Royal bag. He concedes that the bag was likely thrown out the back door as the police achieved entry through the front door. The bag contained "something of significant value and not something that one is likely to have abandoned or carelessly left in the area there." Collins v. Commonwealth, 13 Va. App. 177, 180, 409 S.E.2d 175, 176 (1991). Brown argues that no evidence proved that he threw the bag out of the house or that he possessed the bag while it contained the cocaine. This argument disregards the well established tenet that constructive possession may be joint. See Archer v. Commonwealth, 225 Va. 416, 418, 303 S.E.2d 863, 863 (1983). Although one of Brown's cohorts may have tossed the bag out of the house, the evidence proved that Brown constructively possessed the bag and cocaine jointly with that cohort.

The evidence, when considered in its totality, was sufficient to establish that Brown was aware of the presence, nature, and character of the cocaine and exercised dominion and control over it. He occupied the residence. The large amount of marijuana and cocaine on the premises, the presence of smoking devices, measuring devices, packaging materials, and the large amount of cash in denominations and bundles consistent with drug dealing support the conclusion that Brown was, at least, part of a group who possessed the cocaine with intent to distribute it. His possession of the loaded firearm and his attempts, under circumstances suggesting substantial

- 4 -

discomfort, to shield the interior of the house from the officers' view are evidence of guilty knowledge. The evidence, viewed *in toto*, was sufficient to eliminate any reasonable hypothesis of innocence and to prove beyond a reasonable doubt that Brown possessed the cocaine with intent to distribute it. As such, the evidence was also sufficient to prove beyond a reasonable doubt that he possessed the firearm while possessing cocaine with the intent to distribute it.

<u>Affirmed.</u>