COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Humphreys and Senior Judge Coleman
Argued at Chesapeake, Virginia


CARLTON MAURICE GRIMES, JR.

                                           MEMORANDUM OPINION[*] BY
v.      Record No. 2388-09-1                  JUDGE LARRY G. ELDER
                                               SEPTEMBER 21, 2010

COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                        Dean W. Sword, Jr., Judge

          Gregory K. Matthews (Joseph A. Sadighian; Office of the Public
          Defender, on brief), for appellant.

          Gregory W. Franklin, Assistant Attorney General (Kenneth T.
          Cuccinelli, II, Attorney General, on brief), for appellee.


       Carlton Maurice Grimes, Jr., (appellant) appeals from his bench trial convictions for

possession of cocaine with intent to distribute, in violation of Code § 18.2-248, and possession of

a firearm while in possession of drugs, in violation of § 18.2-308.4.  On appeal, he contends that

the Commonwealth's evidence was insufficient to prove actual or constructive possession of the

cocaine and gun.  We hold that the evidence was sufficient to support the convictions and thus

affirm the challenged convictions.

I.

BACKGROUND

       On June 9, 2008, Officer R.T. Riddle and Detective P.J. Grover stopped a car based upon

information from a confidential informant.  Appellant was in the front passenger seat of the car.

The officers found a gun on the driver's seat and crack cocaine between the two front seats by

_____

       [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

the emergency brake. Riddle found a set of keys on the floor slightly under the front passenger seat.

The investigating police officers found the van matching one of the keys found on the floor, parked at a second location. That key unlocked the van and its glove compartment. A search of the vehicle uncovered crack cocaine and a loaded handgun inside the glove compartment. Some of the crack cocaine was in a clear plastic bag, and some was hidden in a false-bottomed hairspray can. In addition, police found a box containing a digital scale in the glove compartment. Police also found official documents bearing appellant's name, including a receipt from traffic court, two driver's license reinstatement forms, appellant's birth certificate, his social security card, driver's license application, notice for failure to pay child support, receipt from juvenile and domestic relations district court, and two acknowledgements of suspension of revocation of driver's license. Other documents included the van's registration in the name Cynthia Williams and a letter containing Williams's name. Most of the paperwork was found on the floor behind the seat, but the child support documents were inside the compartment with the narcotics. Dates on the documents ranged from October 2003 to March 2008.

Investigators found appellant's thumbprint on the box containing the digital scale. One other fingerprint found in the van did not belong to appellant.

At trial, appellant testified in his defense. He claimed that he had used the van in the past as a work van and that three to four other people from his workplace had also used the van. Appellant admitted having keys to the van but stated that two other individuals had keys as well. Appellant claimed he had never seen the gun and did not own the drugs. Appellant stated that he remembered the box containing the digital scale from his girlfriend's house, although he did not remember placing it in the van. He testified that either his girlfriend or her brother owned the

scale, but neither person worked with him. Appellant indicated that Cynthia Williams, the registered owner of the van, was his mother.

After denying appellant's motions to strike the evidence, the trial court explained:

> [A] fair amount of some fairly significant paperwork, a birth certificate and a social security card and a restricted driver's license[,] . . . are in the van which certainly allow[s] the Court to draw a fair conclusion that the defendant had access and used the van.
>
>      *      *      *      *      *      *      *
>
>     And what we have is a scale which . . . ties to the distribution of drugs. It has his fingerprint on it. If the scale is found somewhere in the van and it wasn't in a secure location with the other things it would be somewhat more problematic. But it seems to me that he had possession and control of the van, that he had possession and control of its contents, and his . . . fingerprint . . . [is] right there with the illegal substances and with a device that's used, according to the evidence that we have, to aid in the distribution of the substances.

The trial court then found appellant guilty of possession of cocaine with intent to distribute and of possession of a firearm while in possession of drugs. Appellant noted this appeal.

II.

ANALYSIS

Appellant contends that the trial court erred by denying his motion to strike the evidence, because the evidence failed to prove that he had actual or constructive possession of the cocaine or firearm found in the van registered to his mother. The Commonwealth responds that the evidence was sufficient to support the convictions, in light of appellant's admitted use of the van, his fingerprint on the box containing the scales, and his important papers stored throughout the van and in the glove compartment.

Under well-settled principles of appellate review, we consider the evidence presented at trial in the light most favorable to the Commonwealth, the prevailing party below. E.g., Finney

v. Commonwealth, 277 Va. 83, 87, 671 S.E.2d 169, 172 (2009).  "We also accord the Commonwealth the benefit of all inferences fairly deducible from the evidence."  Riner v. Commonwealth, 268 Va. 296, 303, 601 S.E.2d 555, 558 (2004).  When reviewing the sufficiency of the evidence to support a conviction, the Court will affirm the judgment unless the judgment is plainly wrong or without evidence to support it.  E.g., Coles v. Commonwealth, 270 Va. 585, 587, 621 S.E.2d 109, 110 (2005).  Where, as here, appellant moved to strike the Commonwealth's evidence at the close of its case and then introduced evidence in his defense, the sufficiency of the evidence is determined from the entire record.  Hargraves v. Commonwealth, 219 Va. 604, 605, 248 S.E.2d 814, 815 (1978).

Under the Commonwealth's basic statutes proscribing possession of drugs or possession of a firearm, possession may be actual or constructive.  E.g., Clodfelter v. Commonwealth, 218 Va. 619, 622, 238 S.E.2d 820, 822 (1977) (involving drug possession); see Rawls v. Commonwealth, 272 Va. 334, 349, 634 S.E.2d 697, 705 (2006) (applying these same principles to the offense of possession of a firearm by a convicted felon).  Establishing constructive possession requires proof "'that the defendant was aware of both the presence and character of the [item] and that [it] was subject to his dominion and control.'"  Bolden v. Commonwealth, 275 Va. 144, 148, 654 S.E.2d 584, 586 (2008) (quoting Rawls, 272 Va. at 349, 634 S.E.2d at 705).  A person's ownership or occupancy of premises on which the item is found, proximity to the item, and statements or conduct concerning the location of the item are probative factors to be considered in determining whether the totality of the circumstances supports a finding of possession.  Archer v. Commonwealth, 26 Va. App. 1, 12, 492 S.E.2d 826, 831-32 (1997).

"The law is well established that possession of the means to exercise dominion [and] control over an item gives the possessor dominion [and] control over the item itself."  Bell v. Commonwealth, 21 Va. App. 693, 697-99, 467 S.E.2d 289, 291-92 (1996) (applying principles

- 4 -

governing constructive possession of controlled substances to interpret analogous "possession" language in Virginia's carjacking statute and holding that a car owner who possessed the keys to her car, which was parked around the corner, constructively possessed the vehicle for purposes of the statute criminalizing "depriv[ing] another in possession or control of [a] vehicle of that possession or control" (quoting Code § 18.2-58.1)).  Appellant's possession of the key that controlled access to the interior of the glove compartment supports the trial court's conclusion that the cocaine and handgun, which were immediately visible upon opening the glove compartment, were subject to appellant's dominion and control.  See Jetter v. Commonwealth, 17 Va. App. 745, 747, 440 S.E.2d 633, 634 (1994) ("[A]ppellant's possession of the car keys is significant evidence from which, when considered with the other evidence, it can be inferred that the drugs were subject to his dominion and control.").

In addition to proving that appellant exercised dominion and control over the cocaine and gun, the Commonwealth was required to prove that he was aware of their presence and character. Here, the Commonwealth showed that the digital scale box, found in the glove compartment, had appellant's fingerprint on it.  The scale's location next to the cocaine implies that it was used as a tool to measure the drug.  See Barksdale v. Commonwealth, 31 Va. App. 205, 212, 522 S.E.2d 388, 391 (1999).  Likewise, the implication of the gun's location next to the cocaine is that it, too, was used as a tool of the drug trade and that the owner of the drugs placed the loaded weapon there.  See, e.g., Logan v. Commonwealth, 19 Va. App. 437, 445, 452 S.E.2d 364, 369 (1994) (en banc); United States v. Lomax, 293 F.3d 701, 705 (4th Cir. 2002) (explaining how a firearm can further drug trafficking and listing factors suggesting a connection between a firearm and drug trafficking, including whether the gun is loaded and in proximity to the drugs).  In addition, the interior compartment contained appellant's child support papers, although this evidence is less compelling because they were at least three months old on the date of the stop.

See Burchette v. Commonwealth, 15 Va. App. 432, 437, 425 S.E.2d 81, 85 (1992) (explaining that the presence of appellant's phone bill and wallet in the car did "not establish how recently [he] may have used or occupied the vehicle or that he did so at a time the drugs were present"). In sum, the combined evidence of appellant's possession of the key to the vehicle, the presence of his fingerprint found on a tool to the drug trade in the glove box, the location of the scale and loaded gun next to the drugs, and the location of his personal papers in the same compartment, supported the trial court's finding that appellant exercised dominion and control over the contraband items and was aware of their presence and character.

Appellant contends that the Commonwealth's argument at the suppression hearing mandates a different outcome. There, the Commonwealth's attorney argued that the police had exigent circumstances to search the van without a warrant because at that point they did not know if someone else had a key and would move the vehicle. Whether at the time of the search the police had ruled out the possibility of a second person with a key to the van is a different issue than the sufficiency of the evidence at trial. Further, the possible existence of a second key is not, as appellant contends, dispositive of the case. A person may constructively possess an item even if it is in a location under the joint control of another individual. See Smallwood v. Commonwealth, 278 Va. 625, 631, 688 S.E.2d 154, 157 (2009) ("Two or more persons may be in possession where each has the power of control and intends to exercise control jointly.").

III.

CONCLUSION

For these reasons, we hold the trial court did not err in concluding that the evidence of appellant's constructive possession of the drugs and the firearm was sufficient to support his convictions under Code §§ 18.2-248 and 18.2-308.4. Thus, we affirm the convictions.

Affirmed.